**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230531-U

Order filed January 23, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0531 Circuit No. 23-CF-24 |
| DORIAN J. REDMOND, | ) ) ) | Honorable Cynthia Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Albrecht and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     The defendant, Dorian J. Redmond, was charged on January 17, 2023, with unlawful possession of a weapon by a felon (UUWF) (Class 2) (720 ILCS 5/24-1.1(a) (West 2022)). His bail was set at $50,000, and he remained in custody. He was subsequently indicted on the offense as well as on charges of unlawful possession of methamphetamine (Class 3) (id. § 646/60(a)) and unlawful possession of a controlled substance (cocaine) (Class 4) (id. § 570/402(c)). On September 18, 2023, Redmond filed a motion to reconsider conditions of pretrial release. The

State filed a verified petition to deny pretrial release, alleging Redmond was charged with a nonprobationable violation and that his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(6)(O) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(6)(O) (West 2022)). The petition stated, "Convicted felons in possession of firearms while participating in unlawful drug activity is an inherently dangerous situation placing the people of LaSalle County at risk by its very nature."

¶ 2    The factual basis provided that the Ottawa Police Department stopped a vehicle for a traffic violation. Redmond was a passenger in the vehicle. He was in possession of a backpack. After a canine alert on the backpack, a search of the backpack was performed. The backpack contained (1) a loaded revolver containing five rounds of 0.38 caliber ammunition, (2) an additional 15 rounds of ammunition, (3) methamphetamine, and (4) cocaine. Redmond's criminal history included resisting a peace officer in 2012, three convictions for driving on a revoked license in 2012, 2022, and 2023, driving under the influence of alcohol (DUI) in 2012, possession of a stolen motor vehicle in 2011, two convictions for burglary in 2011, and theft in 2010.

¶ 3    A hearing was held on the petition on October 12, 2023. The State provided the factual basis, noted Redmond was charged with three felonies including UUWF, and that he had a prior burglary conviction. The State said,

> "Judge, generally, as I've argued previously, that offenses of this nature generally raise concerns with regard to the safety of the community. I believe that a convicted felon in possession of firearms is inherently dangerous and puts the community at risk, so we would suggest, based on this fact pattern, and the facts specific to this case, that we would ask the Court to find that we've proven by a

clear and convincing evidence the defendant is such a risk to the community and that no condition or series or conditions can be put in place to mitigate that[.]" The court asked if Redmond was convicted of a forcible felony, and the State said, "Burglary conviction, Judge." Defense counsel stated that two of the offenses for which Redmond was charged with were "fairly lower level." Counsel indicated that there was a pending motion to suppress that could affect the State's case and noted that Redmond did not use the firearm in any threatening manner. Counsel further stated that the burglary conviction was remote in time and Redmond was willing to comply with conditions. The court stated,

"You know, under these circumstances, my concern is the nature of the ammunition and the gun. And I believe taking all consideration into effect he shouldn't be having a weapon. It's true he's presumed innocent. He made the motion to suppress [which] may be granted, but right now the way that it exists I find clear and convincing evidence that he is a danger, and he should be detained. And a backpack too."

The court further noted that there were no conditions to mitigate any threat Redmond posed. The court's written form order indicated that it denied pretrial release "based on the findings made in the record."

¶ 4    On appeal, Redmond contends that the court abused its discretion in granting the petition to detain. Specifically, he argues (1) the court erred in finding that he was dangerous, (2) GPS monitoring would mitigate any risk, and (3) the court's written order did not make proper findings. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether

the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19. We consider issues of statutory construction *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45.

¶ 5        Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that the defendant committed a detainable offense, (2) the defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 6        Even assuming that the State met its burden of proving by clear and convincing evidence that Redmond posed a "real and present threat to any person, persons, or the community" (*id.* § 110-6.1(e)), the State presented no evidence at all on its burden that no conditions could mitigate that threat. The statute clearly requires the State to provide evidence on all three elements; proof of the second element is not proof of the third element. See *id.* Excusing the State's burden of proof on the third element is to act inconsistent with the statute's explicit presumption in favor of pretrial release. *Id.* § 110-2(a). Under these circumstances, we hold that the circuit court abused its discretion when it denied pretrial release.

¶ 7        The judgment of the circuit court of La Salle County is reversed.

¶ 8        Reversed.

4