2024 IL App (2d) 230480-U
No. 2-23-0480
Order filed February 1, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2385 |
| VICTOR H. MERAZ, | ) ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Kennedy concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendant filed a form notice of appeal from his detention order, adding only conclusory statements; he did not file a supporting memorandum. The record supports the trial court's findings that defendant committed the qualifying offense and no less restrictive conditions could mitigate the danger he posed. Affirmed.

¶ 2   Defendant, Victor H. Meraz, timely appeals the detention order entered on November 6, 2023, pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). This court has jurisdiction pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023).

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was charged with unlawful possession or use of a firearm by a felon in violation of 725 ILCS 5/24-1.1(a) (West 2022). Count I alleges that defendant possessed a firearm at a time when he was a convicted felon, and the firearm did not have a serial number. Count II alleges that defendant committed the offense of unlawful possession or use of a firearm by a felon and alleges that defendant had been convicted of a felony at a time when he possessed firearm ammunition. Count III alleges that defendant committed the offense of possession of a firearm while his FOID card was invalid or not eligible in violation of 430 ILCS 65/2(a)(1) (West 2022). Count IV alleges that defendant possessed or transported a firearm with no serial number in violation of 720 ILCS 5/24-5.1(d) (West 2022). Count V alleges defendant committed the offense of resisting a police officer in violation of *id.* § 31-1(a)(1). Count VI alleges that defendant committed the offense of criminal damage to property not exceeding five hundred dollars in violation of *id.* § 21-1(a)(1). Count VII alleges that defendant committed the offense of theft of less than five hundred dollars in violation of *id.* § 16-1(a)(4). Such a violation made defendant eligible for denial of pretrial release. See 725 ILCS 5/110-6.1 (a)(1) (West 2022).

¶ 5      We review the trial court's order under a bifurcated standard of review. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. We review the trial court's factual findings to determine whether they are against the manifest weight of the evidence. *Id*. A finding is against the manifest weight of the evidence if the opposite conclusion is clearly apparent or if the finding is unreasonable, arbitrary, or not based on the evidence presented. *Id*. We review the court's ultimate determination regarding pretrial release for an abuse of discretion. *Id.* An abuse of discretion occurs when the court's decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id*.

¶ 6                                    II. ANALYSIS

¶ 7     Defendant raises two claims of error in his notice of appeal, and he declined to file a supporting Rule 604(h) memorandum. The first claim is that the State had not proved the offense charged. He elaborated on the form notice of appeal: "The State failed to meet its burden because the offense is based off of the testimony of one witness who did not see some of the actions." The second claim of error was whether no "condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community." His elaboration was: "Mr. Meraz indicated that he had two other addresses where he could reside at during this case. There are pretrial services, such as electronic home monitoring that would have sufficed if Mr. Meraz were to stay at another address."

¶ 8     We have reviewed the record and believe that the following excerpt refutes defendant's first claim and its elaboration—the State "failed to meet its burden because the offense is based off of the testimony of one witness who did not see some of the actions":

        "I [Officer Pedota] know Meraz to be a convicted felon and unable to possession [*sic*] firearms. Officer Thurman gave chase and grabbed onto Meraz, who began to resist him. Meraz had his hand by his waistband. I assist [*sic*] Officer Thurman and we redirected Meraz off of the porch onto the cement where there was more ground to control Meraz. Officer Thurman grabbed Meraz's right arm and I grabbed Meraz's left arm. Meraz was placed into handcuffs. Meraz was turned over to search and the butt of black handgun was sticking out of his pants. Officer Thurman grabbed the handgun to secure the weapon."

¶ 9     Relative to this account, the trial court stated: "Also on that fact pattern, which I thought is important, is that the officer who was in the fact pattern, in the synopsis, actually did see the gun

in the defendant's waistband." We determine that the officer's statement, witnessing the gun being in the defendant's pants, was sufficient to establish the commission of the qualifying offense.

¶ 10    As for the second claim of error and its elaboration—"Mr. Meraz indicated that he had two other addresses where he could reside at during this case. There are pre-trial services, such as electronic home monitoring that would have sufficed if Mr. Meraz were to stay at another address"—the court had the following factors to consider with respect to alternatives to denial of release. Defendant had prior convictions for unlawful use of a weapon. Defendant was on bond in case No. 22-CF-1029 at the time of this incident. A condition of that bond was that defendant was not to possess a firearm or dangerous weapon. Defendant violated his pretrial conditions on August 11, 2023, in that he failed to check in with pretrial services as required. In finding that "no less restrictive conditions could mitigate the danger posed by the defendant," the court stated, "we tried the restrictive conditions on the defendant and they did not work." These factors are supported by the manifest weight of the evidence and the denial of release was not an abuse of discretion.

¶ 11                                    III. CONCLUSION

¶ 12    We affirm the judgment of the circuit court of Kane County.

¶ 13    Affirmed.