2023 IL App (2d) 230317
No. 2-23-0317
Opinion filed December 8, 2023

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-519 |
| STEVEN TROTTIER, | ) ) | Honorable Philip Montgomery, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Kennedy concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Steven Trottier, was charged in the circuit court of De Kalb County with three

counts of possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2022)). The State

filed a "Verified Petition to Deny Defendant Pretrial Release" (Petition) pursuant to section 110-

6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)).

Following a hearing, the trial court granted the State's Petition and entered a written order of

pretrial detention. Defendant filed a timely appeal. For the reasons set forth below, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On September 21, 2023, defendant was charged by complaint with three counts of

possession of child pornography (720 ILCS 5/11-20.1(a)(6) (West 2022)). Each count of the

complaint alleged that defendant possessed an electronic video file of a prepubescent female child, whom defendant reasonably should have known to be under the age of 18, engaging in sexual conduct or penetration.

¶ 4    A synopsis of facts related to the charges against defendant was prepared by the De Kalb County Sheriff's Department (Department) and, as amended, provided in pertinent part as follows. In May 2023, the Department received from the National Center for Missing and Exploited Children multiple Cyber Tipline reports of child pornography being downloaded from social media applications. The files were viewed by an investigator and were confirmed to be videos of child pornography. The Department's investigation indicated that the downloads were associated with defendant. The Department obtained search warrants for the social media applications involved, and three video files of child pornography were provided. Also provided were chat messages from defendant. In those messages, defendant stated that he is "supporting a family from the Phillippines [*sic*] now and going to have the two brothers move to live with me." Defendant noted that one of the brothers is 21 and the other is 11. Defendant remarked that it will be "great to have two naked young boys running around the house *** every day and night" and that the "sex will be great." An amended synopsis further noted that the names, addresses, and phone numbers for a family in the Philippines were found at defendant's residence. Also discovered at defendant's residence was a computer with picture and video files of "two boys who appear to be from the Phillipines [*sic*]," videos of "a young Phillipino [*sic*] man *** masturbating," and "a video file that appeared to have been created by [defendant] directed to the boys, being a 'a [*sic*] thank you for loving me' type of video."

¶ 5    A pretrial services bond report (Report) documented that, in 1995, defendant was convicted of the aggravated criminal sexual assault of a victim under 13 years of age, for which he was

sentenced to 11 years' imprisonment. The Report noted that defendant is no longer required to register as a sex offender but that he is still prohibited from participating in any programs or services exclusively directed towards children under 18 years of age; he is restricted from being within 500 feet of a school, school conveyance, or public park; and he is restricted from residing within 500 feet of a school, playground, daycare, or any facility offering programs or services exclusively directed for children. The Report further noted that pretrial services administered to defendant the revised Virginia Pretrial Risk Assessment Instrument (Assessment). The Assessment identified defendant's "risk of pretrial misconduct as 2 out of a possible score of 0-14." Based on statistical norms, "the [A]ssessment would estimate a 96% probability" that defendant would appear at all future court hearings and avoid new offenses. Pretrial services recommended release pending trial with the conditions that defendant be placed on pretrial supervision, that he not have any unsupervised contact with underage minors, and that he not reside in a home with underage minors.

¶ 6    On September 22, 2023, the State filed the Petition at issue. In the Petition, the State alleged that defendant was charged with an offense under article 11 of the Criminal Code of 2012 (720 ILCS 5/art. 11 (West 2022)), an enumerated offense under section 110-6.1(a)(5) of the Code (725 ILCS 5/110-6.1(a)(5) (West 2022)), and that defendant's pretrial release would pose a real and present threat to the physical safety of any person or persons or the community. The State also alleged that defendant has a high likelihood of willful flight to avoid prosecution.

¶ 7    The trial court held a detention hearing on the State's Petition the day it was filed. After argument by the attorneys, the court concluded that the State had not met its burden on the issue of willful flight. The court went on to note that it had previously found probable cause as it relates to the offenses charged and that it had reviewed the arrest warrant, the synopses of facts, and the

Report. The court determined that the proof was evident and the presumption great that defendant committed the offenses charged. The court considered defendant's previous conviction of aggravated criminal sexual assault and mentioned the age of the victim "as less than 13," finding that this conviction evidenced a "previous history of violence, abusive or assaultive behavior." Citing the current charges and the prior offense, the court found that defendant had some psychological issues. The court also stated, based on the information in the synopses of facts, that "it appears as though the defendant was actively seeking to relocate persons to his home that he could then potentially abuse." The court determined that, considering the statements attributed to him, defendant posed a real and present danger to the community. Additionally, the court found that no condition or combination of conditions could mitigate the real and present threat to the safety of any persons or the community. The court concluded that, "based on the specific and articulable facts of the case[,] *** the comments that are attributed to the defendant, the defendant's prior criminal history[,] and the facts and circumstances that give rise to the defendant's arrest," defendant would be ordered detained. This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9     This appeal is brought pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023).

---

[1]The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statutes or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

This court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023).

¶ 10    The Act amended the Code by abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. 725 ILCS 5/110-1 *et seq.* (West 2022). Under the Code, as amended, a defendant's pretrial release may be denied only in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)).

¶ 11    In considering whether the defendant poses a real and present threat to the safety of any person or the community, *i.e.*, making a determination of "dangerousness," the trial court may consider evidence or testimony concerning factors that include, but are not limited to, (1) the nature and circumstances of any offense charged, including whether the offense was a crime of violence, involved a weapon, or was a sex offense; (2) the history and characteristics of the defendant,

including the defendant's prior criminal history indicative of violent, abusive, or assaultive behavior and the defendant's psychological history; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)). 725 ILCS 5/110-6.1(g)(1)-(9) (West 2022).

¶ 12    If the trial court finds that the State proved a valid threat to the safety of any person or the community, the defendant is likely to flee to avoid prosecution, or the defendant failed to abide by previously issued conditions of pretrial release, the trial court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant,[2] (4) the nature and seriousness of the real and present threat to the safety of any

---

[2]The history and characteristics of the defendant include: "[T]he defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal

person or the community that would be posed by the defendant's release, and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. See 725 ILCS 5/110-5(a) (West 2022).

¶ 13    If the trial court determines that the defendant should be denied pretrial release, the court is required to make a written finding summarizing the reasons for denying pretrial release. 725 ILCS 5/110-6.1(h) (West 2022). Our standard of review is twofold. We review under the manifest-weight-of-the-evidence standard the trial court's factual findings regarding whether the State presented clear and convincing evidence that mandatory conditions of release would fail to protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously issued conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (applying a similar standard of review for the requirement of clear and convincing evidence by the State in termination-of-parental-rights proceeding). A finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent or if the finding is unreasonable, arbitrary, or not based on the evidence presented. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. See *People v.*

---

history, and record concerning appearance at court proceedings" as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

*Simmons*, 2019 IL App (1st) 191253, ¶ 9 (applying abuse-of-discretion standard in reviewing ruling denying the defendant's motion for bail pending trial under Illinois Supreme Court Rule 604(c)(1) (eff. July 1, 2017)). An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 14    On appeal, defendant maintains that the trial court erred in denying his pretrial release. In support, defendant initially argues that the State failed to prove by clear and convincing evidence that he posed a threat to the community. Defendant claims that his score of 2 out of 14 on the Assessment establishes his nearly nonexistent threat to the community if released. Defendant then suggests that, while the trial court considered his criminal history of aggravated criminal sexual assault of a victim under 13 years of age and the inherent psychological issues coinciding with his prior conviction, this "did [*sic*] warrant a finding that he was a danger to the community" as he complied with the registration requirements that arose with his nearly three-decades-old offense.

¶ 15    Defendant also contends that the trial court erred in finding that no condition or combination of conditions could mitigate the threat that he allegedly posed because the court relied mainly on his chat room communications. As noted earlier, those communications referenced that two brothers, aged 21 and 11, would be moving in with defendant and defendant's statements that it will be "great to have two naked young boys running around the house *** every day and night" and the "sex will be great." Defendant maintains not only that there was a lack of context to support the idea that the chat room communications could be construed as serious statements of his intentions, but that his current monthly income and housing expenses leave him with resources insufficient to internationally relocate and support the described individuals. In further support of this contention, defendant suggests that the imposition of mandatory and additional conditions of

release could have mitigated any threat that the court believed he posed to the community. Defendant lists the mandatory conditions imposed by section 110-10 of the Code (725 ILCS 5/110-10(a)(1)-(6) (West 2022)) as well as the additional conditions permissible under the same section (725 ILCS 5/110-10(b)(0.05)-(9) (West 2022)). Defendant argues that imposing these conditions would have mitigated the risk of his relocating individuals from the Philippines to his home.

¶ 16   In response, the State argues that, in finding defendant's criminal history indicative of violent, abusive, or assaultive behavior and his chat room communications suggestive of his intention to relocate individuals from the Philippines to his home so he may sexually assault them, the trial court properly held that defendant posed a real and present threat to the safety of the community. The State observes that, as set forth in section 110-6.1(g) of the Code, a court may, in determining dangerousness, consider evidence of a prior criminal history of violent, abusive, or assaultive behavior. 725 ILCS 5/110-6.1(g)(2)(A) (West 2022). Thus, the State reasons, due to the age of the prior victim mirroring that of one of the two individuals defendant discussed sexually abusing, the chat room communications viewed in aggregate with defendant's prior conviction support the finding that he poses a threat.

¶ 17   The State further contends that the trial court's subsequent finding that no condition or combination of conditions could mitigate the real and present threat defendant poses was proper based on specific articulable facts of the case. The trial court relied on defendant's criminal history, the chat room communications attributed to defendant, and the circumstances giving rise to his arrest. As defendant's criminal history involved the criminal sexual assault of a child, his chat room communications suggest his intention of relocating individuals—one of whom is a child—to be sexually abused, and his arrest arose from his alleged possession of child pornography, the State maintains that no condition or combination of conditions could mitigate this threat.

¶ 18    Based on our review of the record, we agree with the State. The record reflects that defendant has a history of serious criminality indicative of violent, abusive, or assaultive behavior as shown in his prior conviction of aggravated criminal sexual assault of a victim under 13 years of age. The amended synopsis establishes that the chat room communications of defendant the social media applications provided in response to the search warrant, along with the telephone numbers and addresses of individuals domiciled in the Philippines, reveal an active plan to relocate a person defendant believed to be a child so that defendant could commit sexual assault. The factual findings of the trial court that defendant met the standard of dangerousness, he posed a real and present threat to any person or the community if released, and no condition or combination of conditions could mitigate this threat are not against the manifest weight of the evidence. As a result, based upon the trial court's factual findings, we conclude that its order denying pretrial release was not an abuse of discretion.

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons set forth above, we affirm the judgment of the circuit court of De Kalb County.

¶ 21    Affirmed.

*People v. Trottier*, 2023 IL App (2d) 230317

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of De Kalb County, No. 23-CF-519; the Hon. Philip Montgomery, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Peter Sgro, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |