2024 IL App (2d) 230562-U
No. 2-23-0562
Order filed February 7, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-667 |
| ALEXANDER GONZALEZ, | ) ) ) | Honorable Joseph C. Pedersen, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's factual determinations were not against the manifest weight of the evidence, it provided individualized reasoning based on the facts presented in the record, and it did not abuse its discretion in ordering defendant's detention.

¶ 2    Defendant, Alexander Gonzalez, timely appeals, under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), the order of the circuit court of De Kalb County denying pretrial release pursuant to Public Acts 101-562 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1]   Defendant argues that the State failed to meet its evidentiary burdens of

_____

[1]The Act has also been referred to as the Safety, Accountability, Fairness and Equity-Today

proving he likely committed the charged offense, he posed a real and present threat to persons or the community, and no conditions would mitigate the threat he posed. Defendant also contends that the trial court failed to make an individualized ruling regarding its decision ordering defendant's pretrial detention. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On December 1, 2023, defendant was charged with, relevantly, domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)) against the victim, Guadalupe Garcia. On the same day, the State filed its verified petition to detain defendant, and the trial court held a hearing on the State's petition to detain.

¶ 5     The State proceeded by way of proffer. According to the proffer, officers were dispatched to defendant's and Garcia's residence. When they arrived, Garcia had visible injuries to her face. She told police that defendant, with whom she formerly had a relationship, had punched her in the face with a closed fist several times as they were arguing. When she tried to call the police, defendant damaged the phone to prevent the call. Garcia's daughter also witnessed the battery and was able to call the police before defendant took her phone and destroyed it.

¶ 6     When police arrived, defendant denied involvement and provided a false name and birth date to the responding officers. Eventually, defendant admitted his identity and admitted to officers that he punched Garcia, explaining that he was upset because he suspected that Garcia was in a relationship with another man.

¶ 7     The State also presented defendant's relevant criminal history. Defendant had been previously charged with two counts of misdemeanor domestic battery against Garcia, and two prior

_____

(SAFE-T) Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

convictions of domestic battery, at least one of which was against Garcia, and at the time of the offenses in this case, defendant was on probation for one of his domestic battery convictions.

¶ 8      Defendant argued to the trial court that the proffer, being based on the police synopsis, was facially insufficient to meet the State's burden of proof. Defendant further contended that the State had not provided the court with photographs of the victim or direct evidence from the victim, such as written statements. Defendant also argued that the pretrial services report suggested that conditions could be imposed to mitigate any threat to the safety of Garcia and ensure defendant's appearance at future hearings, but noted that the report was from the earlier, still-pending domestic battery because defendant spoke Spanish, and pretrial services was unable to interview defendant on December 1, 20232, due to the lack of a Spanish-language interpreter.

¶ 9      The trial court determined that the proof was evident and the presumption great that defendant committed the charged offenses, relying on the State's proffer. It specifically noted that Garcia stated that defendant struck her and took her phone, Garcia's daughter corroborated Garcia's statement, and defendant admitted to police that he struck Garcia. The court also determined that defendant's pattern of repeated instances of battery against Garcia, including the current alleged offense while on probation and on pretrial release with conditions of no hostile contact with Garcia sufficiently demonstrated that defendant posed a real and present threat to Garcia. The court further found that defendant's criminal history demonstrated that defendant repeatedly violated court orders as well. The court concluded that no conditions could mitigate defendant's threat to Garcia, and it ordered him to be detained pending trial.

¶ 10      On December 12, 2023, defendant timely filed his notice of appeal. Defendant did not file a memorandum, instead relying on the argument given in the space provided in his form notice of appeal. Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023). On January 28, 2024, the State filed its memorandum in response.

¶ 11                                    II. ANALYSIS

¶ 12    Defendant ticked four boxes in his form notice of appeal.  Defendant challenges the trial court's findings that the State met its burden: (1) proving defendant likely committed the charged offense, (2) proving defendant posed a real and present threat to any individuals based on the facts of the case, and (3) proving that no conditions could mitigate the threat posed by defendant or the possibility of his willful flight.  Defendant also challenges the court's determination that no conditions would ensure defendant's future appearances or prevent defendant from committing other crimes.

¶ 13    Our review of defendant's contentions proceeds under a bifurcated standard of review.  We review the trial court's factual findings to determine whether they are against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13.  We review the court's ultimate determinations for an abuse of discretion. *Id.*  With these principles in mind, we turn to defendant's contentions.

¶ 14    Defendant first argues that the State failed to meet its burden of proving by clear and convincing evidence that the proof was evident or the presumption great that defendant committed the charged offenses because it did not present testimonial evidence, photographs or video recordings, and defendant did not make Spanish-language statements to the police.  Essentially, defendant is demanding that the hearing on the State's petition to detain be conducted as a full-blown trial, complete with evidence and witnesses.  This is contrary to the express provisions of the Act.  Specifically, both parties are allowed to proceed by way of proffer.  725 ILCS 5/110-6.1(f)(2) (West 2022) (the "State or defendant may present evidence at the hearing by way of proffer based upon reliable information"), see also, *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24 (written police synopsis submitted as part of a proffer sufficient to sustain State's burden).  The proffer here established that the victim, Garcia, and the eyewitness, Garcia's daughter,

presented consistent accounts of the events, namely, that defendant punched Garcia in the face with a closed fist, and then attempted to prevent both the victim and the eyewitness from contacting police by damaging or destroying their phones. When the police arrived despite defendant's efforts, Garcia had visible facial injuries, and, eventually, defendant told police that he had struck Garcia. We cannot say that the court's determination that defendant likely committed the charged offenses was against the manifest weight of the evidence.

¶ 15    Defendant next contends that the State failed to prove he posed a real and present threat to anyone based on the facts presented. Defendant reiterates that the proffer is insufficient to establish the threat of harm because no live testimony, photographs, video recordings, or other evidentiary material was presented to show that defendant threatened any person or persons. Both parties, the State and the defendant, are expressly permitted to proceed by way of proffer (*id.*), and we reject defendant's implicit contention that, unless live testimony and other evidentiary material is presented, the State can never meet its burden. The State presented evidence of the circumstances of the instant offense and defendant's criminal history, which included repeated domestic batteries, at least one of which was committed against Garcia, and that the instant offense was committed while defendant was on probation. From the evidence presented, the trial court concluded that defendant exhibited a pattern of repeatedly violating court orders, had engaged in repeated instances of punching or striking Garcia, and this conduct was undeterred by the imposition of various conditions of pretrial release for defendant's previous and pending charges of domestic violence involving Garcia. The evidence produced supports the trial court's inferences and conclusions, and we cannot say its finding that defendant posed a real and present threat to Garcia was against the manifest weight of the evidence.

¶ 16    Defendant next argues that the Stated failed to prove that no conditions could mitigate defendant's threat to Garcia. Defendant overlooks the basic facts presented in this case, namely,

that, while on pretrial release with conditions including no hostile contact with Garcia, defendant was again charged with a domestic battery of Garcia. Further, the State presented to the trial court defendant's history of ignoring conditions and other court orders. Additionally, we note that the descriptions of the alleged conduct is also repeated across the convictions and pending charges, and defendant offered nothing, either by way of testimony or proffer, to suggest that he would suddenly be amenable to observing any imposed conditions of pretrial release, probation, or court orders. We cannot say that the trial court's finding that no conditions would mitigate defendant's threat to Garcia was against the manifest weight of the evidence.

¶ 17    Last, defendant challenges the trial court's determination to order his detention pending trial. Defendant contends that the trial court did not make an individualized ruling based on the evidence presented. The trial court provided extensive comments to support its judgment, and this rebuts defendant's contention that no individualized ruling was made. Further, our review confirms that the court based its rulings on the evidence presented. We cannot say that the court's judgment to detain defendant pending trial constituted an abuse of discretion.

¶ 18    In conjunction with his contention about detention overall, defendant complains that the court did not specifically explain why conditions, such as electronic home monitoring or no contact with Garcia, would prevent defendant from once again offending. For the same reasons that no conditions would mitigate defendant's threat, no conditions would prevent defendant from once again offending. Defendant's history, both generally and with Garcia, demonstrates that, even if heightened conditions were imposed, defendant very likely would not observe them. The court, therefore, did not have to explain its rejection of specific conditions because it had explained, based on the evidence presented, that *no* conditions (necessarily including electronic home monitoring and no contact) could motivate defendant to refrain from engaging in future offenses.

¶ 19                                    III. CONCLUSION

¶ 20 For the foregoing reasons, we affirm the judgment of the circuit court of De Kalb County.

¶ 21 Affirmed.