2024 IL App (2d) 230513-U
No. 2-23-0513
Order filed February 21, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-DV-844 |
| ANDRES FONSECA, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not abuse its discretion in granting the State's petition to deny defendant pretrial release where defendant was previously convicted of multiple violent offenses and was on mandatory supervised release at the time that he allegedly committed the instant domestic battery offenses.

¶ 2    Defendant, Andres Fonseca, timely appeals, under Illinois Supreme Court Rule 604(h) (eff.

Oct. 19, 2023), the order of the circuit court of Kane County granting the State's verified petition

to deny defendant pretrial release pursuant to article 110 of the Code of Criminal Procedure of

1963 (Code) (725 ILCS 5/110-1 *et seq.* (West 2022)).[1] Defendant argues that the State failed to satisfy its burden of proof that he poses a real and present threat to any person or the community and that no conditions would mitigate the threat he posed. He also argues that the trial court's written findings were insufficient. We affirm.

¶ 3                                I. BACKGROUND

¶ 4     On November 18, 2023, defendant was charged with two counts of domestic battery (Class A misdemeanor) (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)) against the victim, Caroline Alzati, who is defendant's ex-girlfriend. That same day, the State filed a verified petition to detain defendant, and the matter proceeded to a detention hearing on November 19, 2023.

¶ 5     At the detention hearing, the State argued that defendant was charged with a detainable offense, namely domestic battery Class A misdemeanor, that his pretrial release would pose a real and present threat to Alzati and the community at large, and that his criminal history demonstrated that he was incapable of following any condition or set of conditions of pretrial release. In support, it proffered the sworn synopsis of an officer with the Aurora police department, which was admitted without objection. According to the proffer, in the evening of October 18, 2023, the officer was dispatched to Alzati's residence in response to a report of domestic battery. When the officer arrived, he "observed a red bump on Alzati's head, directly behind her right ear," as well as "small scratches on her right cheek." Alzati told the officer that she had been in an argument

---

[1]Article 110 of the Criminal Code was amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act or Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act). Neither of those names is official, as neither appears in the Illinois Compiled Statutes or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

with defendant, whom she had dated for the past several months, while they were sitting in a parked car. She stated that defendant was in the driver's seat and Alzati sat directly behind him, in the back seat. Defendant became upset with Alzati, and he turned around in his seat, grabbed Alzati's hair with one hand and punched her on her head with his other fist approximately seven times. Alzati stated that she then existed the vehicle, and defendant drove away. Alzati informed the officer that she wished to pursue charges. According to the synopsis, the police officer attempted to contact defendant, but he was unable to.

¶ 6 The State also presented defendant's relevant criminal history, which was outlined in the petition to detain. At the time of the offense, defendant was on mandatory supervised release (MSR) for attempted armed robbery (Kane County case No. 2016-CF-388), robbery and aggravated battery (Kendall County case No. 2016-CF-249), and unlawful restraint (Kane County case No. 2016-CF-337). In connection with those offenses, defendant had been sentenced to 15 years' imprisonment for attempted armed robbery, 5 years' imprisonment for robbery and aggravated battery, and 3 years' imprisonment for unlawful restraint. Defendant also had several prior misdemeanor convictions, including for battery/aggravated assault of a peace officer (2015), resisting a peace officer (2015 and 2013), and criminal trespass to residence (2014). He was also adjudicated delinquent for unlawful possession of a firearm, Class 3 (2011), burglary (Class 2) (2006), misdemeanor criminal damage to property (2009), possession of drug paraphernalia (2009), and criminal trespass to land (2006). Pretrial services prepared a public safety assessment report which scored defendant as 4 out of 6 on the "new criminal activity scale" and 3 out of 6 on the "failure to appear scale."

¶ 7 In response, defendant argued that the police synopsis and his criminal history were insufficient to satisfy the State's burden of establishing, by clear and convincing evidence, that the

proof was evident or presumption great that he committed the charged offenses. He emphasized that the State did not offer any photos or recorded statements, that the police synopsis did not indicate whether Alzati's injuries appeared to be "fresh," and that Alzati was not present at the hearing. Additionally, defendant contended that he did not pose a real and present threat to Alzati because they did not live together, he had not contacted her since the alleged offense, and because Alzati was not a complaining witness against defendant in any of his prior cases. Defendant further argued that, even if the State met its burden of proof that he committed the charged offenses, there were conditions that the trial court could impose short of detention that would mitigate any potential threat to Alzati and the community, such as a no-contact order or electronic home monitoring.

¶ 8    The trial court granted the State's petition to detain. Relying on the State's proffer, the court found that the proof was evident and the presumption great that defendant committed detainable offenses. It acknowledged that Alzati was not present at the hearing, but it would not "hold it against this witness," because she could come to court and testify as to all of the elements of the offense. The court also found that defendant posed a real and present threat to "the safety of any person in the community," because Alzati was "a victim of an offense at the defendant's hand" and, based on the proffer, the attack was "unprovoked and without any reasonable cause." The court also pointed to defendant's "significant criminal history," including his recent release from prison and the fact that he was on MSR at the time of the alleged offense, which demonstrated that defendant "is a danger to the community at large, not just this particular victim." It concluded that no condition or set of conditions could mitigate defendant's threat to Alzati or the community because, again, he was on MSR at the time of the alleged offense and, although the instant case

was the only instance of defendant violating the terms of his MSR, he nevertheless demonstrated an inability to comply with the "simple condition of not committing another criminal offense."

¶ 9    Defendant timely filed a notice of appeal on November 20, 2023, and, on January 18, 2024, he filed a memorandum in support of his appeal as contemplated in Illinois Supreme Court Rule 604(h)(2) (eff. October 19, 2023).

¶ 10                                    II. ANALYSIS

¶ 11    Defendant argues on appeal that (1) the State failed to prove that he poses a real and present threat to Alzati or the community, (2) the State failed to prove that no condition or combination of conditions would mitigate that threat, and (3) the trial court "failed to make sufficient written findings to support its order."

¶ 12    Defendant's contentions on appeal are examined under a bifurcated standard of review. We review the trial court's factual findings, including whether defendant poses a real and present threat to the safety of a person or the community, and whether any conditions could adequately mitigate that risk, under the manifest-weight-of-the-evidence standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13.  A finding is against the manifest weight of the evidence only if an opposite conclusion is clearly apparent or if the finding is unreasonable, arbitrary, or not based on the evidence. *Id.*  We review the trial court's ultimate determination regarding whether a defendant should be detained while he or she awaits trial for an abuse of discretion. *Id.*  An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the view held by the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 13    Defendant first argues on appeal that the State failed to prove, by clear and convincing evidence, that he posed a real and present threat to either Alzati or the community at large.

Defendant emphasizes that the instant offense occurred within the context of a dating relationship and involved no firearm or weapons, and he asserts that it was an "isolated incident of alleged misdemeanor domestic battery" that was not indicative of "a pattern of behavior or escalating incidents." Defendant also highlights that he was on MSR since March 2023 and, other than the instant offense, he had no "alleged violations at all," including the one-month period that he "remained in the community" between this offense and the filing of the State's petition to detain him on November 18, 2023.

¶ 14    We reject defendant's argument. In determining whether a defendant poses a real and present threat to the safety of any person or the community, based on the specific articulable facts of the case, the trial court may consider evidence or testimony concerning the nature and circumstances of the charged offense, including, whether the offence is a crime of violence (725 ILCS 5/110-6.1(g)(1) (West 2022)), the history and characteristics of the defendant, including his prior criminal history indicative of violent, abusive, or assaultive behavior (*id.* § 110-6.1(g)(2)), and whether the defendant was on MSR at the time of the current offense (*id.* § 110-6.1(g)(8)), among other factors. Here, in evaluating defendant's "dangerousness," the trial court analyzed the above factors in relation to the specific facts of the case. It noted that the complainant was the victim of domestic violence, in that defendant was alleged to have grabbed her hair with one hand and, with his other hand, repeatedly punched her on the side of her head with his closed fist, which caused visible injuries to Alzati, including a red bump behind her right ear and scratches on her right cheek. The court commented that the attack appeared to be "unprovoked and without any reasonable cause." The court also emphasized defendant's "significant criminal history," including his prior convictions for attempted armed robbery, aggravated battery, and unlawful restraint, for which defendant was sentenced to 15 years' imprisonment. The court was also

presented with evidence of defendant's misdemeanor convictions for battery/aggravated assault of a peace officer, resisting a peace officer, and criminal trespass. The fact that defendant has been accused of no other incidents of violence or threats against this particular complainant, or that he did not use a firearm in the instant offense does not mean that the trial court's finding of dangerousness was in error. Defendant's extensive criminal history, which includes several violent crimes for which he remained on MSR at the time of instant offense, rebuts defendant's assertion that the instant offenses constituted an "isolated incident." Accordingly, the trial court's determination that defendant posed a real and present threat to the safety of any person or persons or the community was not against the manifest weight of the evidence.

¶ 15    Defendant next argues that the trial court's finding that no condition or combination of conditions could mitigate the threat his release would pose was against the manifest weight of the evidence. He asserts that the State presented no evidence that a no-contact order would be insufficient to protect Alzati or that an order of electronic home monitoring would be insufficient to protect the general community. We disagree. Here, the State presented the court with a proffer concerning the instant offense as well as defendant's extensive criminal history. As noted, defendant is alleged to have committed the instant offenses while on MSR following his release from prison for committing multiple violent felonies, including attempted armed robbery, aggravated battery, and unlawful restraint. The court noted that he was placed on MSR only seven months before allegedly committing the instant offenses, and one of the terms of MSR was to refrain from committing further criminal offenses. Nevertheless, as the court found, defendant "has been shown not to be able to abide by release conditions." In light of the fact that defendant is alleged to have committed the instant offense while he was already under court supervision, the

trial court's finding that there were no further conditions that it could impose to mitigate the threat defendant's release would pose is not against the manifest weight of the evidence.

¶ 16    For his final argument, defendant argues that the trial court's written finding as to why less restrictive conditions were inappropriate did not comport with section 110-6.1(h)(1) of the Act, which pertinently requires the trial court to "make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons of the community, based on the specific articulable facts of the case."  725 ILCS 5/110-6.1(h)(1) (West 2022).  Defendant contends that the court's written finding offered no explanation as to why there were no conditions the court could impose to mitigate the risk.  We disagree.  The court, in its written findings, again emphasized that defendant was placed on MSR only seven months prior to the instant offense, which "demonstrated he is unable to conform his conduct to the law" such that the community would be unprotected should defendant be released pending trial.  These findings are appropriate because they reflect factors for the court's consideration of defendant's dangerousness under section 110-6.1(g)(8) (725 ILCS 5/110-6.1(g)(8) (West 2022)).  Regardless of whether defendant agrees with this reasoning, the court's written findings were sufficient to support its ruling under the Act.

¶ 17    Based on the above, the trial court's ultimate decision granting the State's petition for pretrial detention was not arbitrary, fanciful, or unreasonable.  Accordingly, we affirm the trial court's ultimate decision to detain defendant while he awaits trial on the instant charges.

¶ 18                          III. CONCLUSION

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

¶ 20    Affirmed.