**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240104-U

Order filed May 20, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0104 Circuit No. 23-CF-2282 |
| | ) | |
| DEMARCUS S. JOHNSON, | ) ) | Honorable John Connor, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice McDade and Justice Albrecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not abuse its discretion in continuing defendant's pretrial detention.

¶ 2     Defendant, Demarcus S. Johnson, appeals the trial court's decision to deny him pretrial release. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged on December 22, 2023, with armed violence (Class X) (720 ILCS 5/33A-2(a), 33A-3(a) (West 2022)), two counts of unlawful possession of a weapon by a felon (Class 2) (*id.* § 24-1.1(a), (e)), aggravated fleeing or attempting to elude a peace officer (Class 4) (625 ILCS 5/11-204.1(a)(4), (b) (West 2022)), aggravated unlawful use of a weapon (Class 4) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C), (d)(2) (West 2022)), unlawful possession of cannabis (Class A) (720 ILCS 550/4(c) (West 2022)), driving while license suspended (Class A) (625 ILCS 5/6-303(a) (West 2022)), and possession of firearm ammunition without a Firearm Owner's Identification (FOID) card (Class A) (430 ILCS 65/2(a)(2), 65/14(e) (West 2022)). Defendant was subsequently indicted on the charges. The State filed a verified petition to deny pretrial release, alleging defendant was charged with a nonprobationable felony, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1) (West 2022)). The petition also alleged that defendant had a high likelihood of flight to avoid prosecution.

¶ 5        The factual basis provided the following. Officers were in an unmarked police vehicle and saw a vehicle with expired Florida registration driven by defendant. The officers activated their lights and sirens to execute a traffic stop but defendant did not stop. The officers pulled up alongside defendant's vehicle. Defendant was wearing a ski mask that was partially covering his head. The officers ordered defendant to pull over. Defendant glanced at the officers, who were in uniform, but continued to drive. Defendant disobeyed a stop sign while turning off his headlights, and the officers terminated pursuit at that time. From a distance, the officers saw the taillights of defendant's vehicle parking. They pulled up alongside the parked vehicle, and apprehended defendant, still wearing the same ski mask and jacket, as he exited the vehicle. Officers recovered a loaded handgun between the driver's seat and the center console. While searching the trunk, they

recovered a backpack which contained eight bags of a leafy substance that later field tested as 57.24 grams of cannabis. Officers found ammunition in the backpack and in the trunk. Defendant indicated his driver's license was revoked, he had bags of clothes in the trunk though some items did not belong to him, and he did not stop for the officers because a police officer shot him in the past. He said the gun and ammunition did not belong to him.

¶ 6        A pretrial risk assessment indicated defendant was a "Level 3" risk, with "Level 6" being the highest possible risk. Defendant's criminal history included convictions for aggravated assault, criminal trespass, battery, domestic battery, violating an order of protection, driving on a revoked license, and unlawful use of a weapon by a felon. He also had convictions in Florida and Georgia, including convictions for aggravated assault, resisting or obstructing an officer, and domestic battery.

¶ 7        The docket reflects a detention hearing was held on December 22, 2023, wherein the court granted the State's petition, finding defendant was both dangerous and had a high likelihood of willful flight to avoid prosecution. Neither the transcripts from this hearing nor the court's order are included in the record on appeal. The docket reflects the court ordered defendant's continued detention following a second hearing on January 5, 2024. Information from that hearing is also not included in the record.

¶ 8        A subsequent hearing was held on February 2, 2024, which is the subject of this appeal. The State provided the factual basis and defendant's criminal history. It noted defendant was a felon, had a history of violent offenses, and nothing had changed from the previous hearings. Defense counsel indicated defendant had a job and somewhere to live if released. The court found continued detention necessary based on the nature and circumstances of the charged offenses, defendant's prior criminal history, statements made by defendant, defendant's access to weapons,

3

and "[d]efendant's behavior in the instant case as well as history of assaultive and escape related behavior."

¶ 9                                          II. ANALYSIS

¶ 10        On appeal, defendant argues the court erred in finding continued detention necessary. We consider factual findings for the manifest weight of the evidence and review the ultimate decision on a petition to detain for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 11        Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e).

¶ 12        For subsequent hearings, as the one at issue here, the statute only requires the court to find that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(i-5). "Although this determination necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release, the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing." *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13.

¶ 13    Here, defendant has a significant criminal history, which includes several violent offenses. Notably, his charged offenses include repeated offenses, evincing a willingness to defy restrictions arising from prior convictions (*e.g.*, unlawful use of a weapon by a felon and driving while license suspended). Defendant's sole argument on appeal is that, if released, he has a place to live and a job. The court found this was not enough to mitigate the risk he posed. Taking the evidence before us, we cannot say this finding was in error. The court's decision to continue defendant's pretrial detention was not an abuse of discretion.

¶ 14                                        III. CONCLUSION

¶ 15    The judgment of the circuit court of Will County is affirmed.

¶ 16    Affirmed.