**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240138-U

Order filed May 29, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0138 Circuit No. 23-CF-2007 |
| JAMES L. DAVIS, JR., | ) ) ) | Honorable Carmen Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justice Albrecht concurred in the judgment.
Presiding Justice McDade dissented.

**ORDER**

¶ 1     *Held*:  The trial court's decision to continue to detain defendant was not an abuse of discretion.

¶ 2     Defendant, James L. Davis, Jr., appeals the trial court's decision that his continued detention was necessary. Defendant argues that that the proof was not evident that he committed the offense, based on a motion to suppress he intends to file. For the reasons that follow, we affirm.

¶ 3                                          I. BACKGROUND

¶ 4 Defendant was charged on November 2, 2023, with three counts of unlawful possession of a weapon by a felon (Class 2) (720 ILCS 5/24-1.1(a), (e) (West 2022)) and obstructing justice (Class 4) (id. § 31-4(a)(1), (b)(1)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a nonprobationable felony, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1) (West 2022)).

¶ 5 The factual basis provided that at 11:27 p.m. on October 31, 2023, an officer was on patrol and saw a PT cruiser that was wanted for aggravated fleeing and eluding. The officer followed the vehicle, saw it park, and three individuals exited the vehicle. The officer activated the police lights. Two of the subjects stopped, but defendant took off running toward a residence. The officer followed him, made it to the front door, and the door slammed and locked. The officer forced the door open and heard defendant running down the stairs towards the basement. The officer gave chase and announced, "Police, you're under arrest." The officer went to the basement, heard a door slam shut, and heard furniture being moved around. As the officer approached the door, defendant exited, was out of breath, and indicated that he did not know it was the police chasing him. Defendant had live ammunition in his pocket. A backpack was located in the room defendant exited. The backpack had a loaded semi-automatic pistol with an extended magazine and an extra, loaded extended magazine. Defendant did not live at the residence. The officer spoke with the resident who said she did not have a semi-automatic handgun and had no knowledge of one being in the residence. Defendant made spontaneous statements that the gun was his, someone killed his brother, and he needed a gun for protection. Defendant made a phone call and indicated to the person that he was caught with his "stick."

¶ 6        Defendant was on bond for unlawful possession of a weapon by a felon from August 24, 2023. He had an active failure to appear warrant for his arrest for a missed court date. His criminal history included reckless discharge of a firearm, unlawful possession of a stolen firearm, three convictions for unlawful use of a weapon by a felon, aggravated battery, domestic battery, and resisting a peace officer. A pretrial risk assessment indicated that he was a Level 4 risk.

¶ 7        The record indicates that a hearing was held on November 2, 2023, after which the court granted the State's petition. His detention was revisited multiple times, including on January 10, 2024, and the court continued to find that detention was necessary. Defendant appealed the court's January 10 order, and this court affirmed. *People v. Davis*, 2024 IL App (3d) 240029-U.

¶ 8        Another hearing was held on February 13, 2024, which is the subject of this appeal. Defense counsel indicated that he anticipated filing a motion to suppress. Based on the upcoming motion to suppress, counsel stated, "I don't believe holding my client in the interim does anything as far as further justice in the circumstance, in fact, it is more of an injustice as my client is sitting in custody when he should not have been stopped or detained for that matter." The State said there were no new facts presented and "[w]hether counsel has an opinion for his motion to suppress, that is his opinion." Defense counsel stated that the firearm was "found in another container that was in a house that my client did not live in" and there was no indication that the backpack belonged to defendant. The court found that continued detention was necessary.

¶ 9        II. ANALYSIS

¶ 10        On appeal, defendant solely argues that the proof was not evident that he committed the offense, based on the motion to suppress he intends to file. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13.

3

Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 11 Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. Id. § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e).

¶ 12 For subsequent hearings, as the one at issue here, the statute only requires the court to find that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(i-5). "Although this determination necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release, the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing." *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13.

¶ 13 Here, the proffer indicated that defendant was a convicted felon, was on bond, and had a warrant out for his arrest. Despite these facts, defendant possessed a weapon and ammunition. The fact that defendant intended to file a motion to suppress did not change this. Taking the evidence before us, we cannot say the court's decision to continue to detain defendant was an abuse of discretion.

¶ 14                                    III. CONCLUSION

4

¶ 15    The judgment of the circuit court of County is affirmed.

¶ 16    Affirmed.

¶ 17    PRESIDING JUSTICE McDADE, dissenting:

¶ 18    I dissent from the majority's decision to affirm the circuit court's order providing for defendant's continued detention.

¶ 19    As the majority notes, this court earlier affirmed the circuit court's original order granting the State's verified petition to deny pretrial release in this case. I dissented from the majority's decision to affirm, finding that defendant's mere possession of a firearm, even coupled with his history of reckless discharge of a firearm and unlawful use of a weapon by a felon, did not rise to the level of dangerousness contemplated under section 110-6.1(e)(2) of the statute. See *Davis*, 2024 IL App (3d) 240029-U, ¶¶ 19–21. I further found that, because the State had not sufficiently proven defendant's alleged dangerousness, it also could not be said that no conditions could mitigate that dangerousness. For similar reasons, I continue to find that the State failed to meet its burden of proof under sections 110-6.1(e)(2) and 110-6.1(e)(3) of the statute, and would reverse the circuit court's judgment for an abuse of discretion.