2024 IL App (2d) 240559-U
No. 2-24-0559
Order filed December 30, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE, OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.   24-CF-1424 |
| FREDRICK WALLACE, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Kennedy and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in denying defendant's motion for pretrial release as (1) police synopsis by itself was sufficient evidence that defendant had committed criminal acts for which he could be detained; (2) defendant's illegal possession of a gun demonstrated that he was dangerous; and (3) trial court was not bound by pretrial services' recommendation that conditions less than detention could protect the public from defendant.

¶ 2    Defendant, Fredrick Wallace (a/k/a Fredo), appeals from the trial court's order denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes

informally called the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of P.A. 101-652); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On July 4, 2024, the State charged defendant with 17 different felonies. Of those alleged felonies, several were of the type that allowed defendant to be detained until trial: manufacture or delivery of 400 to less than 900 grams of cocaine (720 ILCS 570/401(a)(2)(C) (West 2022) (Class X felony)); armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022) (Class X felony)); unlawful possession of weapons or ammunition by a convicted felon (720 ILCS 5/24-1.1(a) (West 2022) (Class 3 felony)); and possession of a firearm without a FOID card (430 ILCS 65/2(a)(1) (West 2022) (Class 3 felony)).

¶ 5     The State filed a petition to deny defendant pretrial release. In support of its petition, the State submitted the police synopsis. That synopsis indicated that on July 3, 2024, the police searched the defendant's residence pursuant to a warrant after receiving information that cocaine was being stored there. The police discovered within the defendant's bedroom: (1) a loaded Ruger LC9 handgun with six rounds of 9mm ammunition; (2) seven additional rounds of ammunition; and (3) 520 grams of cocaine.

¶ 6     On July 5, 2024, the trial court conducted a hearing on the State's petition. The trial admitted the police synopsis into evidence. The State proceeded by an oral proffer, stating that a police officer involved in the search reported a safe had been found in defendant's room that contained a gun, drugs, and a ledger indicating that "Fredo" had been involved in the distribution of those drugs. The State argued that this constituted clear and convincing evidence that defendant had committed a detainable offense. The State asserted that defendant was a threat to the

community due to his extensive criminal history and because he was illegally in possession of a firearm. The State asserted that there were no conditions that could mitigate the threat he posed because lesser conditions, such as electronic home monitoring (EHM) and GPS would not prevent defendant from accessing weapons or selling drugs from his house. The State asserted that defendant had shown that he does not follow the law and would not follow any conditions the trial court set.

¶ 7    In response, defense counsel argued that the State had not complied with the Act by failing to provide written notice of all the information the State intended to include in its proffer. Defense counsel argued that defendant was not dangerous, because although the defendant had a criminal history, he had no convictions since 2015. Defense counsel acknowledged that placing defendant on EHM was not feasible because defendant was homeless; rather, he argued that placing defendant on GPS and ordering him to stay away from the residence where the drugs were found would be sufficient.

¶ 8    At the close of the hearing, the trial court ordered that the defendant be detained until trial. The trial court found that (1) by clear and convincing evidence that the proof was evident or the presumption great that defendant committed a qualifying offense; (2) that defendant was a danger to the community based on his history of violent offenses and his access to weapons which he was not able to legally possess; and (3) less restrictive conditions, such as EHM or GPS, would not prevent defendant from possessing firearms or from possessing and selling drugs.

¶ 9    On July 14, 2024, defendant filed a motion for relief. He argued that the State failed to meet its burden that he had committed a qualifying offense because (1) it did not provide him written notice of all the evidence that it intended to rely upon at the detention hearing and (2) there was no DNA or fingerprint evidence connecting him to the alleged crimes. He asserted that he

was not dangerous because his criminal history was old, and no weapon was found on him when he was arrested. Additionally, as pretrial services had recommended that if he were released that he be assigned to Pretrial Supervision Level 2 (which is not the maximum), that meant that there were less restrictive conditions that could mitigate any risk if he were released.

¶ 10    On September 11, 2024, defendant filed an addendum to his motion for relief, arguing that "an allegation of possession of drugs, even large amounts, does not necessarily meet the dangerousness factor under the PFA."

¶ 11    On September 18, 2024, following a hearing, the trial court denied defendant's motion for relief. Defendant thereafter filed a timely notice of appeal.

¶ 12                                 II. ANALYSIS

¶ 13    All persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq.* Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 14    Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question ***." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 15    We review the trial court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Specifically, we review under the manifest-weight-of-the-evidence standard the trial court's factual findings as to dangerousness, flight risk, and whether conditions of release could mitigate those risks. *Id.* A finding is against the manifest weight of the evidence only where it is unreasonable or not based on the evidence presented. *Id.* We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion also occurs only when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.*

¶ 16    Defendant's first argument is that the State did not comply with the Act because it did not provide him with written notice of all the evidence that it intended to rely on at the detention hearing. Defendant further complains that the evidence that it did timely provide him—the police synopsis—was insufficient. Additionally, he argues that the State's evidence was lacking because there was no fingerprint or DNA evidence connecting him to the alleged crimes.

¶ 17    We need not address whether the State's alleged failure to comply with the notice requirements of the Act by disclosing everything it intended to rely upon violated defendant's rights because the information it did disclose—the police synopsis—was sufficient to meet its burden at the detention hearing. Section 6.1(f)(2) of the Act provides that the State "may present evidence at the hearing by way of proffer based on reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). The Act then proceeds to explain that the evidence required at a detention hearing is less than would be required at trial. See 725 ILCS 5/110-6.1(f)(4) (West 2022) (pre-trial detention hearing is not to be used for purposes of discovery, and the post arraignment rules of discovery do not apply); 725 ILCS 5/110-6.1(f)(5) (West 2022) (rules concerning the admissibility

of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing). As such, the Act requires that the evidence be reliable, not that it be equivalent to what would be required at trial. The police synopsis that the State submitted in this case met that standard. We decline the defendant's implicit invitation to require the State to present any more evidence than that. See *People v. Hardman*, 2017 IL 121453, ¶¶ 31-33 (court will not depart from the plain statutory language by adding to it requirements that are not found in the statute).

¶ 18    Defendant's second argument is that the State failed to present clear and convincing evidence that he posed a threat to anyone. He asserts that his alleged possession of a substantial amount of drugs does not mean that he was dangerous. Additionally, he argues that the trial court erred in relying on his past criminal history because it was old.

¶ 19    Here, the record reveals that, at the time of his arrest, defendant was a convicted felon and not allowed to possess a gun. This demonstrates his dangerousness. See *People v. Lee*, 2024 IL App (1st) 232137, ¶ 27 (noting "the inherent dangerousness of firearms, particularly when they are in the possession of those who have been prohibited from possessing them"); see also *People v. Hongo*, 2024 IL (1st) 232482, ¶ 36 (the defendant's possession of a weapon while prohibited from doing so "suggests that continued detention is necessary to avoid the safety risk posed by the defendant"). That defendant possessed a gun while in possession of a substantial amount of drugs only enhances the inference that he was dangerous. Further, we do not believe the fact that defendant was not allowed to have a gun for a long time somehow lessens the dangerousness of his current possession of a gun.

¶ 20    As to the third proposition the State had to prove—that no conditions could mitigate the real and present threat to the safety of any person—defendant argues that because pretrial services

did not recommend that he be monitored at the highest levels, the trial court should have ordered conditions less than detention.

¶ 21 The trial court is not bound by the recommendations made by pretrial services. See *Trottier*, 2023 IL App (2d) 230317, ¶ ¶ 5, 17-18 (although pretrial services recommended that the defendant be released, the trial court's factual findings that the defendant should be detained were not against the manifest weight of the evidence). Here, the trial found that lesser conditions—such as GPS or EHM—could not ensure that the defendant would not again possess a firearm or possess or sell drugs. We cannot say that this finding was against the manifest weight of the evidence. Accordingly, the trial court did not abuse its discretion in ordering that defendant be detained until trial.

¶ 22                                III. CONCLUSION

¶ 23 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 24 Affirmed.