2024 IL App (2d) 240176-U
Nos. 2-24-0176, 2-24-0203
Order filed May 17, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.  24-CF-187 |
| RAYMOND M. GAINES, | ) ) | Honorable Michael J. Chmiel, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE MULLEN delivered the judgment of the court.
Justices Birkett and Jorgensen concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not err in granting the State's petition to deny defendant pretrial release and ordering him detained.

¶ 2                                   I. INTRODUCTION

¶ 3     Defendant, Raymond M. Gaines, appeals an order of the circuit court of McHenry County granting the State's petition to deny him pretrial release and ordering him detained and an order denying his motion to reconsider detention, in accordance with section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). For the reasons that follow, we affirm.

¶ 4                                    II. BACKGROUND

¶ 5      On February 26, 2024, defendant was charged by complaint with two counts of aggravated battery in a public place (720 ILCS 5/12-3.05(c) (West 2022)), a class 3 felony; two counts of aggravated battery by use of a deadly weapon (720 ILCS 5/12-3.05(f)(1) (West 2022)), a class 3 felony; and two counts of aggravated assault on public property (720 ILCS 5/12-2(a) (West 2022)), a class A misdemeanor.

¶ 6      The State filed a verified petition to deny defendant pretrial release. A hearing was held on the State's petition on February 27, 2024. In support, the State proffered a police department synopsis. The synopsis provides as follows. On February 26, 2022, officers from the Crystal Lake Police Department responded to a disturbance at the Super 8 Motel. Officers interviewed Steven M. Mason and his father, Steven L. Mason. Steven M. and Steven L. reported that defendant entered his room, retrieved a machete, and then struck both Steven M. and Steven L. on the head with the blunt handled end. Defendant then began wielding the machete in a slashing motion towards their bodies. Steven L. reported that defendant kicked him and punched him with a fist. Both Steven L. and Steven M. reported that defendant yelled at them, advising that he would kill them. Police spoke with defendant's family and witnesses. All reported that defendant had been involved in a physical altercation and that defendant had been in possession of a machete during the fight. Defendant's family advised officers that the incident started when defendant was in his room. Steven M. began walking back and forth in the hallway past defendant's room while making racial slurs.

¶ 7      Officers reviewed the surveillance footage and observed Steven M. walking back and forth in the hallway and yelling. Defendant then began to exit his room as Steven M. began provoking a fight. Defendant exited his room with a machete in hand, charged at Steven M., and then struck

him with the handled end of the machete. Defendant made several slashing movements at Steven M. as Steven M. retreated. Steven L. then appeared, and defendant made several slashing movements with the machete in the direction of Steven L.'s body. Defendant narrowly missed both victims faces and bodies when slashing the machete in their direction. Defendant then kicked Steven L. in the stomach before returning the machete to his room. After returning the machete, defendant continued to charge at Steven M. Following defendant's arrest, officers collected the machete and several other weapons from defendant's motel room.

¶ 8     In addition to the synopsis, the State argued that defendant posed a flight risk because he did not have ties to the community. It stated that defendant had been living in the Super 8 Motel for approximately three months. Prior to that, defendant had lived in Crystal Lake for approximately one year. The Stated posited that "there's nothing to keep this defendant here." Further, the State argued that defendant posed a real and present threat to the community because he "has no self-control, exhibited by his response to [the] racial slurs." Additionally, the State indicated that defendant had a juvenile criminal history consisting of a battery charge (2018) and resisting a peace officer (2020). Neither charge had a disposition. The State argued that "going from a battery, resisting peace officer[,] to use of a machete in handling an argument *** would certainly indicate a certain type of escalation in how far the defendant is now willing to go to inflict *** harm" and that defendant seemed to be "escalating with regard to his criminal history."

¶ 9     In response, the defense argued that defendant had ties to the area and a concern that he might be transient was insufficient to establish a flight risk. Additionally, the defense noted that nothing in defendant's criminal history demonstrated that he had ever missed a court date. Further, his criminal history did not show a disposition for either of his cases, only that he had been charged

with the two offenses. Finally, the defense argued that defendant was not a threat to the community because he was merely responding to somebody at his door instigating a fight.

¶ 10　　The trial court granted the State's petition to detain defendant. In reaching its decision, the trial court found that there was clear and convincing evidence that defendant committed the offenses charged, that defendant poses a real and present threat to the safety of the community and a threat of willful flight, and that no conditions could mitigate that threat. Specifically, the trial court found it concerning that defendant responded to provocation with a machete. "Notwithstanding the provocation," it stated, "you call law enforcement." Further, it determined that because defendant had two other cases from two different counties, it found his activities to be "transient by nature." Based on these two factors, the trial court stated that it could not "fathom a set of conditions *** that would properly mitigate *** a risk of harm to an individual or the community or prevent or work against willful flight."

¶ 11　　On March 4, 2024, defendant filed a *pro se* notice of appeal. However, on March 5, 2024, defendant's attorney filed a motion to reconsider detention.

¶ 12　　A hearing on the motion to reconsider detention was held on March 8, 2024. In support of the motion, the defense first argued that there was no proof that defendant posed flight risk. Rather, defendant's family had secured an apartment in the area. Defendant was the sole provider for his family, including his disabled mother, so he had no reason to flee. Further, the defense argued that Steven M. had been attempting to break into defendant's motel room prior to the altercation. Thus, defendant "didn't go out and commit just a random act in the community," leading to the conclusion he did not pose a threat.

¶ 13　　At the conclusion of the hearing, the trial court denied defendant's motion to reconsider detention. In its oral and written findings, the trial court stated its finding that pretrial detention

was appropriate was based solely on a finding of dangerousness and not willful flight. It reiterated that based upon the synopsis and the factual proffer based on the officers viewing surveillance video, it believed that the proof was evident and the presumption great that defendant committed the charged offenses. Further, it believed that regardless of defendant's lack of significant criminal history, "when [defendant] was placed in a stressful situation possibly not of his own choosing, he made pretty much every wrong choice you could make." Thus, it feared that if defendant were placed in a stressful situation again, he would react in "the exact same way," and "therefore there is danger to the community" that could not be mitigated by any less restrictive conditions than detention. On March 14, 2024, counsel for defendant filed a notice of appeal based on the March 8, 2024, hearing.

¶ 14                                III. ANALYSIS

¶ 15    Defendant, acting *pro se*, filled out a section of a form notice of appeal stating that he was not charged with a detainable offense or a violation of an order of protection and that he has never been subject to an order of protection. While his later notice of appeal abandons this argument, defendant's memorandum in support of his appeal once again raises the argument that defendant was not charged with a detainable offense. Defendant further argues that the State failed to prove that: the proof was evident or the presumption great that he committed the offenses charged; he posed a real and present threat to the safety of the community; and no less restrictive conditions could mitigate the threat he posed. We address each of these arguments in turn.

¶ 16    We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat, and whether any conditions would mitigate

that threat. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 17     Defendant first argues that he was not charged with a detainable offense. In support, he notes that under subsection 110-6.1(a)(1.5) of the Code, a court may deny pretrial release for cases of "aggravated battery resulting in great bodily harm or permanent disability or disfigurement." 725 ILCS 5/110-6.1(a)(1.5) (West 2022). Defendant contends that because he was charged with aggravated battery in a public place and aggravated battery by use of a deadly weapon, the provisions of the Code listing detainable offenses do not apply to him. However, his argument fails. Subsection 110-6.1(a)(6)(W) specifically lists aggravated battery by use of a deadly weapon other than by use of a firearm as a detainable offense. 725 ILCS 5/110-6.1(a)(6)(W) (West 2022).

¶ 18     Next, defendant argues that the State failed to prove by clear and convincing evidence that he committed the offenses charged. Defendant contends that he only used the handled edge of the machete and was acting in self-defense. However, defendant's self-defense argument does not negate a finding that defendant committed the charged offense. In raising a claim of self-defense, defendant "presupposes that [he] committed the act and invokes the defense as a justification." (Internal citations omitted.) *People v. Lewis*, 2015 IL App (1st) 122411, ¶ 59. Thus, whether defendant was justified in committing the offense does not lead to a finding that the State failed to meet its burden. See *People v. Gatewood*, 2024 IL App (1st) 240069-U, ¶ 27 (Defendant's claim of self-defense did not negate finding that the State met its burden of proving the proof was evident

or presumption great defendant committed the offense.). Because the trial court based its determination on witness statements, surveillance video, and the proffered facts, it did not err in finding that the State proved by clear and convincing evidence that defendant committed the offenses charged.

¶ 19    Defendant also argues that the State failed to prove that he poses a real and present threat to the safety of the community. He contends that he is not a threat because he was protecting himself and his family, not out in the community looking for trouble. Subsection 110-6.1(g) of the Code lists several factors for courts to consider in determining whether a defendant poses a real and present threat to the safety of the community. These factors include, among other factors: the nature and circumstances of any offense charged; the history and characteristics of the defendant; the identity of any person or persons to whose safety the defendant is believed to a pose a threat and the nature of the threat; whether defendant is known to possess any weapons; whether, at the time of the offense, the defendant was on probation, parole, or other release from custody pending trial; and any other factors deemed by the court to have a reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior. 725 ILCS 5/110-6.1(g) (West 2022). No one factor is dispositive. See *id.* While a couple of the factors weigh in defendant's favor, as his criminal history is limited and he was not on any type of court supervision at the time he committed this offense, the other factors weigh in favor of detention. Defendant was arrested after an altercation where he swung a machete at another individual. Even if defendant did not provoke that altercation, he chose to arm himself with a machete. When defendant was arrested, officers collected the machete along with other weapons from his motel room. Further, defendant poses a threat of harm to the community, rather than one specific person, as he responded to "a stressful situation" with violence and threat of a deadly weapon.

¶ 20    Finally, defendant argues that the State failed to prove by clear and convincing evidence that no conditions can mitigate the threat posed by his pretrial release. He contends that he could comply with conditions such as electronic monitoring or anger management classes. Section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2022)) directs a court to consider the conditions set forth in section 110-10 (725 ILCS 5/110-10 (West 2022)). Here, the court took into account the facts of the case, noting that there were some factual variations between defendant's proffer and what was seen on the surveillance video. It considered defendant's lack of criminal history but voiced its concern that if defendant were again placed "in a stressful situation," he would react in the same way, causing danger to others. Based on the foregoing, we conclude that the trial court's factual findings were not against the manifest weight of the evidence, and, therefore, its order detaining did not constitute an abuse of discretion.

¶ 21                            IV. CONCLUSION

¶ 22    In light of the foregoing, we affirm the order of the circuit court of McHenry County.

¶ 23    Affirmed.