NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240174-U

Order filed June 14, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appellate Court No. 3-24-0174 Circuit No. 23-CF-1966 |
| JASON A. MONCHUNSKI, | ) ) ) | Honorable Sarah F. Jones, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justice Albrecht concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1    *Held*: Trial court's decision to continue to detain defendant was not an abuse of discretion.

¶ 2    Defendant, Jason A. Monchunski, was charged on October 27, 2023, with residential burglary (Class 1) (720 ILCS 5/19-3(a), (b) (West 2022)). Defendant was subsequently indicted. The State filed a verified petition to detain, alleging defendant was charged with a forcible felony, and his release posed a real and present threat to the safety of any person, persons, or the

community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)).

¶ 3    The factual basis provided that on October 24, 2023, Erica Bailey returned home and observed two subjects she did not know exiting her residence. Bailey approached and asked what they were doing, to which defendant responded that they lived at the residence. When Bailey responded that she lived there, defendant and the other subject fled in a Nissan that was backed in her driveway. The license plate number for the Nissan was obtained. The door from her garage into her residence had been pried open. Based on the vehicle description and plate number, the Nissan was found in Chicago with defendant sleeping inside. As officers were looking at the vehicle and waiting to tow it, Michael Smith approached and stated that it was his car. Both Smith and defendant were identified in lineups by Bailey as the men at her residence. Two neighbors witnessed the incident and corroborated Bailey's statement, however neither could identify anyone. The Nissan contained two pry bars, bolt cutters, pliers, a screwdriver, a hammer, a gaming system, and security equipment.

¶ 4    A pretrial risk assessment indicated that defendant was a Level 6 risk, which was the highest possible risk. He had pending cases for driving on revoked license and violation of an order of protection. He also had convictions for, *inter alia*, domestic battery, criminal damage to property, violation of an order of protection, aggravated driving under the influence of alcohol, arson, residential burglary, retail theft, burglary, and resisting a peace officer.

¶ 5    An initial detention hearing was held on November 9, 2023. The written order indicates that the court granted the State's petition based on the nature and circumstances of the offense, defendant's violent criminal history, and the fact that defendant was on probation, parole,

mandatory supervised release, or other release at the time of the offense. The transcript from the hearing is not included in the record.

¶ 6    A subsequent hearing was held on February 21, 2024, which is the subject of this appeal. Defense counsel argued that defendant was working for a home remodeling company and went to the wrong address. He was not trying to break into the home. The court asked what conditions defense counsel would be asking for and stated, "Because we tried the pretrial services before and that didn't work out. The fact that you picked up a subsequent felony and was not reporting to pretrial services when you got revoked on both cases." Counsel asked that defendant be placed on electronic monitoring. The State indicated that there was "ample evidence" to show that defendant was not working for a home remodeling company, including that defendant stated that he lived there, and Bailey did not know of any workers that would be working at her home. Further, there were marks indicating that the door to the house had been pried open. The State further supplied the rest of the factual basis as well as defendant's criminal history. The court stated that defendant's license was suspended and asked counsel how defendant would make it to court. Defense counsel stated that defendant would ride the bus and rely on friends. The court found that continued detention was necessary and noted, "we have previously tried being on release and he was unable to maintain the conditions of his release on the older case and is now alleged to have committed a, which if convicted, a mandatory X based on his priors."

¶ 7    On appeal, defendant argues that he is not a threat to anyone and conditions such as electronic monitoring would mitigate any threat.[1] We consider whether factual findings are against the manifest weight of the evidence, but the ultimate decision to grant or deny the State's

---

[1] The State filed a motion to dismiss this appeal, based on defendant's notice of appeal, which only checked boxes and did not provide any further information. We took the motion with the case, and we now deny the State's motion to dismiss.

petition to detain is reviewed for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19. We review issues of statutory construction *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45.

¶ 8   Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e). Sections 110-5(a) and 110-6.1(g) set forth factors for the court to consider when determining dangerousness and any conditions. *Id.* §§ 110-5(a), 110-6.1(g).

¶ 9   For subsequent hearings, as the one at issue here, the statute only requires the court to find that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." *Id.* § 110-6.1(i-5). "Although this determination necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release, the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing." *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13.

4

¶ 10    Here, the factual basis indicated that defendant broke into Bailey's residence, based on the pry bar marks, the burglary tools found in the vehicle, and defendant's stating that he lived at the residence and fleeing. At the time of the offense, defendant was on pretrial release in another pending matter. Based on the fact that defendant could not comply with those conditions, the court did not believe that defendant was likely to comply with any further conditions. Taking the evidence before us, we cannot say the court's decision to continue to detain defendant was an abuse of discretion.

¶ 11    In coming to this conclusion, we note that none of the caselaw defendant cites in support of his position concern a subsequent detention hearing, like the one at issue, here. As stated above, the necessary findings are different for subsequent hearings. Moreover, we note that the statute does not require the court to articulate every reason for its conclusion at a subsequent hearing.

¶ 12    The judgment of the circuit court of Will County is affirmed. This decision is issued in accordance with Illinois Supreme Court Rule 23(c)(2) (eff. Feb. 1, 2023).

¶ 13    Affirmed.

¶ 14    PRESIDING JUSTICE McDADE, dissenting:

¶ 15    I dissent from the majority's decision to affirm the circuit court's order providing for defendant's continued detention.

¶ 16    As the majority recites, section 110-6.1(e) of the Code of Criminal Procedure of 1963 states that "[a]ll defendants shall be presumed eligible for pretrial release. . . ." 725 ILCS 5/110-6.1(e) (West 2022). To rebut this presumption, the State must prove the following three elements, by clear and convincing evidence: (1) that the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) that the defendant poses a real and present threat

to the safety of any person, persons, or the community; and (3) that no conditions can mitigate this threat. *Id.*

¶ 17    I agree with the majority's findings that the State satisfied the first and second of the above elements. Relevant to the third element, the State's petition to deny pretrial release is devoid of any mention of mitigating conditions, or of the argument that no mitigating conditions exist. It does not even acknowledge that conditions form an element when setting out its burden of proof. Nor did the State mention or argue the same during the continued detention hearing. Under these circumstances, it cannot be said that the State met its burden of proof as to the element pertaining to mitigating conditions. See Black's Law Dictionary 190 (7th ed. 1999) (explaining that a party's burden of proof includes the burden of persuasion, which is the duty to convince the fact-finder to view the facts in a way favorable to that party). Consequently, I would reverse the circuit court's judgment as an abuse of discretion.