2024 IL App (2d) 240563-U
Nos. 2-24-0563
Order filed December 31, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 24-CF-1272 |
| EARL D. ROSCHELL, | ) ) | Honorable Julia A. Yetter, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Presiding Justice Kennedy and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in granting the State's petition to deny defendant pretrial release.

¶ 2    Defendant, Earl D. Roschell, appeals from an orders of the circuit court of Kane County (1) granting the State's verified petition to deny pretrial release and ordering him detained pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), and (2) denying his subsequent motions for relief (Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024)). See Pub. Acts 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1, 2023)

(we will refer to these public acts collectively as the "Acts").[1] On appeal, defendant argues first that the trial court erred in denying its oral motion to strike portions of the State's petition, and next, that the State failed to meet its burden of proving by clear and convincing evidence that: (1) the proof is evident or the presumption great that he committed the charged detainable offenses; (2) he poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. We affirm.

¶ 3                                      I. STATEMENT OF FACTS

¶ 4                                      A. Factual Background

¶ 5        On June 14, 2024, defendant was charged by a statewide grand jury indictment with three counts of armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)), a Class X felony; one count of gunrunning (720 ILCS 5/24-3A(a) (West 2022)), a Class 1 felony; three counts of unlawful sale or delivery of a firearm (720 ILCS 5/24-3(A)(k) (West 2022)), a Class 4 felony; and one count of conspiracy to commit gunrunning (720 ILCS 5/8-2(a) (West 2022)), a Class 2 felony. These charges were filed in the circuit court of Kane County on June 17, 2024, and a warrant issued for defendant's arrest. Defendant first appeared in the circuit court of Kane County on these charges on June 22, 2024.

---

[1] Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act." However, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

¶ 6 On June 22, 2024, the State filed a verified petition to deny defendant pretrial release. This petition was superseded by an amended verified petition to deny defendant pretrial release filed on July 12, 2024. In the amended petition, the State urged the trial court to deny defendant pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)) because defendant was charged with a felony offense other than a forcible felony for which, based on the charge or defendant's criminal history, a sentence of imprisonment, without probation, periodic imprisonment or conditional discharge, is required by law upon conviction, and defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community. (725 ILCS 5/110-6.1(a)(1) (West 2022)). Further, defendant was charged with the following offenses, and his pretrial release poses a real and present threat to the safety of any person or person or the community (725 ILCS 5/110-6.1(a)(6) (West 2022)): armed habitual criminal, unlawful sale or delivery of firearms, and gunrunning.

¶ 7 As grounds upon which defendant should be denied pretrial release, the State proffered the following information in its petition. On March 7, 2024, a confidential informant provided information that defendant was on parole and house arrest in a case from De Kalb County. The informant was put in contact with defendant because defendant was involved in the sale of firearms. The informant learned that defendant was trying to sell three firearms, and an agreement was reached between the informant and defendant to meet at a location in Kane County to conduct a sale. The informant and another confidential informant met with defendant and two others and three guns were exchanged. The firearms were taken into custody by the confidential informant following the sale. The sale was recorded on audio-voice overhear.

¶ 8 As additional grounds upon which defendant should be denied pretrial release, the State proffered as follows. Defendant had a prior criminal history including a charge of unlawful use of

a weapon by a felon, a Class 2 felony, in Cook County case No. 21-CR-0412401. In that case, police stopped defendant's vehicle. During the stop, officers observed a substance likely to be cannabis. Officers asked for defendant's driver's license, to which defendant responded that he did not have one. When asked to step out of the vehicle, defendant accelerated his vehicle, striking a police department vehicle and pulling an officer a few feet. Defendant then fled the scene, striking another vehicle and fence in the process. Loaded firearms were obtained from defendant's vehicle. Defendant also had a conviction for unlawful use of a weapon by a felon in Kane County case No. 18-CF-1080, for which he received a four-year sentence in prison. In that case, defendant sold a firearm to an undercover officer. Defendant was convicted of unlawful use of a weapon by a felon in Cook County case No. 18-CR-0049301, for which he received a three-year prison sentence. Additionally, defendant was convicted of aggravated battery causing great bodily harm in Kane County case No. 12-CF-211, for which he received a five-year prison sentence. In that case defendant entered a restaurant and struck a person with a metal pole, stabbing them in the arm and stomach. Finally, defendant was also convicted of attempted robbery in Cook County case No. 10-CR-159760, for which he received a term of probation.

¶ 9                                B. Detention Hearing

¶ 10    The matter proceeded to a detention hearing on July 17, 2024, before Judge Julia Yetter. Before hearing the State's amended petition, defendant moved the court to strike portions of the petition. The defense contended that the State's petition was inadequate, as the State typed its proffered factual information, rather than providing it as a police report. The defense opined that typing "what essentially reads as *** a police report" was inadequately reliable as evidence. Further, the defense argued that the trial court should not consider charges that had been dismissed,

which, it argued, some of the proffer included. In response, the State contended that it had provided information underlying the charges in defendant's criminal history.

¶ 11　The trial court denied the motion to strike. In its ruling, the trial court stated that, based upon its reading of the Code, the State had complied with the requirements for a verified petition because the statute does not dictate limitations on how either party should proffer information. After denying the motion to strike, the trial court indicated that it would consider related arguments in determining whether to grant the petition to detain.

¶ 12　In support of its amended petition to deny defendant pretrial release, the State first directed the trial court to review the information alleged in its petition regarding the nature of the eight charges underlying the instant case. The State indicated that it had confirmed that, at the time of the gun sale, defendant was on parole and electronic home monitoring. It contended that, based on the information alleged in its petition, there was sufficient evidence that defendant committed the offenses charged, as there was a description of direct quotes made by defendant about the sale of guns. Further, the State alleged that there was a clear showing of dangerousness. Regarding the history and characteristics of the defendant, the State posited that defendant was on parole and electronic home monitoring at the time of the alleged offense and had a substantial criminal history. As to the identity of those to whom defendant is alleged to be a threat, the State identified the community as a whole, specifically police officers. Further, defendant was known to possess weapons. At the time of the hearing, the State noted that there was a hold or warrant by the Illinois Department of Corrections (IDOC) for defendant. Finally, regarding conditions of release, the State argued that no conditions of pretrial release could mitigate the threat posed by defendant and pointed to the fact that defendant was on parole, with electronic home monitoring, when this offense occurred. Thus, anything short of detention would be insufficient.

¶ 13    In response, the defense noted that defendant lives in De Kalb with his wife and five children. Additionally, defendant's wife was pregnant with another child. Defendant was employed, and if the trial court deemed electronic home monitoring appropriate, had a place to stay in Kane County. Regarding the offenses charged, the defense argued that the State did not prove by clear and convincing evidence that defendant committed the charged offenses. In support, the defense argued that typing up a report and putting it in the petition did not make it reliable evidence. Further, there was no transcript or testimony provided to the trial court. The defense also stated that the trial court should not be persuaded that the State's documentation of defendant's prior criminal history was accurate. Additionally, the defense argued that the State provided little information beyond the nature of the offense to show that there were no conditions to mitigate the threat posed by defendant.

¶ 14    After hearing argument by the parties, the trial court issued its oral ruling. In addressing whether the State proved by clear and convincing evidence that defendant committed the offenses charged, the trial court noted that it was considering the facts alleged by the State in its petition, but not giving any weight to allegations containing opinion by the State. The trial court also considered defendant's prior convictions. Based on the proffered information, the trial court found by clear and convincing evidence that defendant committed the offenses charged.

¶ 15    Next, considering whether defendant posed a real and present threat to the safety of any individual or the community, the trial court noted that it was looking beyond the nature of the offenses charged. Rather, it was relying on the dangerousness factors in the Code. In doing so, the court identified that defendant had a long history of weapons offenses. In looking at the individual offenses, though, the trial court found that the State had provided reliable information regarding the specific facts related to the prior offenses. Thus, the trial court was only considering the

convictions themselves, and not the additional circumstances alleged by the State. Because defendant had a history of weapons offenses, was on parole at the time of the alleged offense, and had a "behavior of willingness to and clear[] ability to distribute *** weapons to individuals in the community, without any concern for whether those individuals are lawfully able to possess a firearm," defendant poses a real and present threat to the community.

¶ 16    Finally, the trial court considered whether there would be any conditions that could mitigate the threat posed by defendant. The court considered that it had the ability to order defendant to surrender any weapons and restrict his movement via electronic monitoring, however, it identified its concern was that "[w]e may know where he is, but we don't have the ability to know what he's doing." While under the supervision of the courts and electronic monitoring, defendant allegedly committed the instant offenses. Thus, there were no conditions that could mitigate the threat posed by defendant. The trial court granted the State's petition and denied defendant pretrial release.

¶ 17                    C. Motion for Relief and Notice of Appeal

¶ 18    On August 19, 2024, defendant filed a "Motion for Relief Under the Pretrial Fairness Act." See Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). In the motion, defendant argued that the trial court "erred in denying the Defense motion to strike contents of State's Amended Petition which included typed proffers of evidence, criminal history, and facts of offenses." Accordingly, defendant alleged that the trial court erred in finding that the State proved by clear and convincing evidence that defendant committed the offenses charged. Further, defendant argued that the trial court erred in finding that he posed a real and present threat to the safety of the community because the trial court "erroneously relied on the facts of the charges." Finally, defendant argued that the trial court erred in finding that no conditions could mitigate the threat he posed to the community

because the trial court found that electronic monitoring allowed for movement and was not a complete restriction on defendant's movement.

¶ 19 A hearing on defendant's motion for relief was held on September 20, 2024. Following arguments by the parties, the court denied defendant's motion. Defendant then initiated the present appeal. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. OSAD elected not to file a memorandum under Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) (providing that the issues raised in the motion for relief are before the appellate court regardless of whether an optional memorandum is filed). Thus, on appeal, we are limited to the arguments made in defendant's motion for relief. The State filed a response in opposition to the appeal.

¶ 20                                    II. ANALYSIS

¶ 21 Article 110 of the Code, as amended by the Acts, abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed the offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination

of conditions can mitigate the real and present threat to the safety of any person or the community or the risk of the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)). When a defendant has been granted pretrial release, upon the court's own motion or the filing of a verified petition by the State, pretrial release may be revoked only if the defendant is charged with a felony or class A misdemeanor that is alleged to have occurred during the defendant's pretrial release. 725 ILCS 5/110-6(a) (West 2022).

¶ 22    We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat or a high likelihood of willful flight, and whether any conditions would mitigate any threat or the risk of willful flight. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite that to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 23    On appeal, defendant raises four arguments. First, he argues that the State erred in denying his motion to strike portions of the State's amended petition. Second, he argues that because the trial court erred in granting portions of the petition proffering facts underlying the charged offenses, the trial court erred in finding that State met its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the charged detainable offenses. Third, defendant argues that the State failed to meet its burden of proving by

clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case. Finally, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that there is no condition or combination of conditions that can mitigate the real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of those cases. We do not find any of these arguments persuasive.

¶ 24    We first note that the State contends that defendant's "barebones motion" failed to provide sufficient detail to enable meaningful appellate review, and thus defendant forfeited his arguments. In support, the State cites *People v. Woods*, 2024 IL App (3d) 230592, ¶ 32, for the proposition that "under Rule 604(h), arguments are forfeited if they are not developed and supported with references to the record and relevant legal authority." While defendant's motion for relief contains few references to case law or relevant legal authority, we find cases such as *Woods* distinguishable. There, the defendant merely checked boxes in a pre-written notice of appeal. Here, defendant did provide specific information about why he believed the trial court erred. Thus, defendant provided sufficient detail so as to avoid forfeiture.

¶ 25    Regarding defendant's first argument, he contends that the trial court erred by denying his motion and allowing the State to provide a proffer of information in its petition, essentially typing out reports, rather than providing such information via a synopsis. We disagree. We review a court's decision to deny or grant a motion to strike an evidentiary matter for abuse of discretion. *Jackson v. Graham*, 323 Ill. App. 3d 766, 773 (2001). Here, the trial court looked to the language of the Code. Section 110-6.1(d) of the Code provides the guidelines for a petition to deny pretrial release. 725 ILCS 5/110-6.1(d) (West 2022). It states: the "petition shall be verified by the State and shall state the grounds upon which it contends the defendant should be denied pretrial release."

*Id.* In section 110-6.1(f) of the Code, the procedure for hearings is delineated, and the Code provides that the "State or defendant may present evidence at the hearing by way of proffer based upon reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). We agree with the trial court's assessment that "the statute does specifically address limitations for how either party could choose to proffer information." In fact, the Code goes further to provide that the trial court has discretion in considering reliable evidence, as the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 725 ILCS 5/110-6.1(f)(5) (West 2022). Accordingly, we do not find that the trial court erred in denying defendant's motion to strike.

¶ 26    We likewise find the argument that the State did not prove by clear and convincing evidence that defendant committed the offenses charged to be ill-founded. Defendant's argument rests upon his conclusion that the trial court should not have considered the evidence proffered by the State that he moved to strike. Because we find that the trial court properly denied the motion to strike, we find no merit to defendant's argument. Regardless, if we are to consider this argument based on the evidence presented, at the hearing on the petition to detain, we still find no error. Here, the State provided evidence that a confidential informant communicated with defendant, arranged for a sale of weapons, and exchanged money for firearms at a location in Kane County. This exchange was recorded. Further, there was evidence that defendant had multiple felony convictions, was on parole, and was not to be in possession of firearms. Thus, the State proved by clear and convincing evidence that defendant committed the offenses charged.

¶ 27    Next, defendant argues in his motion for relief that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case.

Specifically, defendant contends that the trial court "erroneously relied on the facts of the charges as being proof of a threat to the community, a remote crime of violence being an aggravated battery from 2011, and a 2018 gun offense." We disagree.

¶ 28     Under the Code, factors that the trial court may consider in making a determination of dangerousness, *i.e.*, that a defendant poses a real and present threat to any person or the community, include, but are not limited to: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense; (2) the history and characteristics of the defendant, including whether he or she has a prior criminal history indicative of violent, abusive, or assaultive behavior; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)), the court deems to have a reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior. 725 ILCS 5/110-6.1(g) (West 2022). The statute does not list any singular factor as dispositive. 725 ILCS 5/110-6.1(g) (West 2022).

¶ 29     In this case, the trial court made specific reference to several factors it found particularly concerning. It noted that defendant was involved in a crime involving weapons, that he is known to possess weapons, and that at the time of the instant offense he was on parole for a weapons offense. The court looked to defendant's criminal history, which contained multiple weapons

offenses. Without looking into the specific details of those offenses, the trial court concluded that defendant's "behavior of willingness to and clear[] ability to distribute *** weapons to individuals in the community, without any concern for whether those individuals are lawfully able to possess a firearm," led it to believe that defendant posed a real and present threat to the community. The trial court made specific reference to several dangerousness factors based on the record before it. Accordingly, we do not find its determination of dangerousness to be against the manifest weight of the evidence.

¶ 30    Finally, defendant argues in his motion for relief that the trial court erred in finding that there are no conditions or combinations of conditions that can mitigate the risk of his release. He contends that he was employed and married with children. Further, he had a place to stay in Kane County that would allow for him to participate in electronic home monitoring. He argues that the trial court's conclusion that electronic home monitoring was not a protective measure because he was entitled to some movement was erroneous.

¶ 31    In determining whether a specific threat can be mitigated through the imposition of conditions of pretrial release, the trial court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a)(1)-(5) (West 2022). The history and characteristics of the defendant include his or her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings" as

well as "whether, at the time of the current offense or arrest, [he or she] was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

¶ 32    Here, the trial court found by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat posed by defendant. We cannot find that a conclusion opposite that of the trial court's is clearly apparent. The trial court referenced the fact that at the time the current offense was committed, defendant was on supervised release and committed a new offense. It indicated its belief that conditions such as surrendering weapons would be ineffective, as defendant was a felon and was not allowed to be in possession of firearms, let alone distributing them. The trial court was particularly concerned with the facts that conditions such as electronic home monitoring would do little to minimize the threat posed by defendant, as the court could only monitor his location and not what activities he might be engaged in. Considering the record before us, we cannot say that the trial court's finding that no condition or combination of conditions can mitigate the real and present threat to the physical safety of any person or persons or the community was against the manifest weight of the evidence.

¶ 33    In short, considering the record before us, we cannot say that the trial court's factual findings are against the manifest weight of the evidence. Moreover, based on the trial court's factual findings, we conclude that its order granting the petition to deny defendant pretrial release was not an abuse of discretion.

¶ 34                                    III. CONCLUSION

¶ 35    For the reasons set forth above, we affirm the judgment of the circuit court of Kane County.

¶ 36    Affirmed.