**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240598-U

Order filed January 15, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0598 Circuit No. 24-DV-1154 |
| TERRY J. JOHNSON, | ) ) ) | Honorable Christine T. Cody, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BRENNAN delivered the judgment of the court.
Justices Hettel and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   It was improper for the State to file a second petition to detain.

¶ 2       Defendant, Terry J. Johnson, appeals from his pretrial detention, arguing that the State lacked a statutory basis to file a second petition to detain. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4       On August 24, 2024, defendant was charged with violating an order of protection (Class A) (720 ILCS 5/12-3.4(a)(1) (West 2022)). The State filed a verified petition to deny pretrial

release, alleging defendant was charged with a detainable offense, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(3) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a)(3) (West 2022)).

¶ 5        The factual basis provided that defendant was served an order of protection on June 17, 2024, in Indiana. The order provided that defendant was to stay away from Jenie Andrews and her residence. On August 24, 2024, Andrews called the police stating that she was with defendant at a gas station, and she believed that he had a knife. The officers stopped a vehicle and made contact with defendant. Defendant told officers that he did not have a weapon, and no weapon was found in the vehicle. He stated that Andrews was intoxicated and upset with him since he would not allow her to drive. Defendant was homeless and had been staying with Andrews in hotels. Andrews told officers that she believed defendant had a knife because he usually carried one. She called the police because an argument about possible infidelity had escalated. Defendant and Andrews had been in a relationship for approximately 20 years. A pretrial risk assessment indicated that defendant was a low risk.

¶ 6        After a hearing on the petition on August 25, 2024, the court found that the proof was evident and presumption great that defendant committed a qualifying offense and posed a real and present threat to the safety of Andrews. However, the court found that there were conditions that could mitigate the threat defendant posed. The court placed defendant on a GPS monitoring device and told him to have no contact with Andrews.

¶ 7        On September 4, 2024, the State filed a second petition to deny pretrial release, which is the subject of this appeal. In the petition, the State indicated that it had "become aware of new facts that were not available or obtainable at the time the original petition to detain was filed, namely, that the defendant will not comply with the court's GPS order as a condition of his pretrial

release." The petition stated that, on September 3, 2024, at 11:14 a.m., defendant cut his GPS monitor off. Later that afternoon, the GPS device, charger, and the SCRAM device he was ordered to wear in a separate case were found hidden inside a fallen tree trunk in a forest preserve. The State also filed a petition for sanctions, asking the court to revoke defendant's pretrial release.

¶ 8　　　　A hearing was held on October 3, 2024. The State indicated that under section 110-6.1(d)(2) of the Code, the State can file a second or subsequent petition for pretrial detention if it sets forth in detail any new facts not known or obtainable at the time of the filing of the previous petition. The State said,

> "The new fact in this situation, Judge, is that the defendant is not going to abide by court orders, and more specifically, that he now has a history of cutting off his electronic monitoring devices. Obviously that wasn't known or obtainable at the time that the original petition was filed but, of course, it should play in the Court's decision as to whether or not he should be released on electronic monitoring."

¶ 9　　　　Defense counsel stated that the State could not file a second petition unless new facts arose related to the underlying case, citing *People v. Farris*, 2024 IL App (5th) 240745. Counsel further stated that the State could not revoke defendant's release without filing new charges. According to counsel, defendant was living in the forest preserve and the ankle monitor was causing issues relating to his health. Counsel noted that the removal of the GPS device occurred outside of Du Page County, so the State would be unable to charge defendant. Counsel asked the court to deny the petition and instead sanction defendant.

¶ 10　　　　The court granted the State's petition, finding that it met its burden by clear and convincing evidence. The court found that the State could file a second petition, and it had "proper new facts

3

*** that the State could not possibly have known at the time it filed its original petition, and specifically cutting off of a GPS device and hiding it in a log in the forest preserve is something quite unforeseeable."

¶ 11    On October 11, 2024, defendant filed a motion for relief, alleging that the State could not file a second petition. The court denied the motion. In doing so, it distinguished *Farris*, finding that defendant committed a criminal violation.

¶ 12                                   II. ANALYSIS

¶ 13    On appeal, defendant contends that the State lacked a statutory basis to file a second petition to detain. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Mikolaitis*, 2024 IL App (3d) 230791, ¶ 9. However, we consider questions of statutory interpretation *de novo*. *People v. Ramirez*, 2023 IL 128123, ¶ 13.

¶ 14    Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence that (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e).

¶ 15    Where a defendant has been released on conditions, the court can revoke the defendant's pretrial release only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during his release, after a hearing on the motion. *Id.* § 110-6(a); *People v. Roschell*, 2024 IL App (2d) 240563-U, ¶ 21. If a defendant violates his or her conditions of

4

pretrial release but is not charged with a subsequent felony or Class A misdemeanor during release, sanctions may be imposed for such violation(s). 725 ILCS 5/110-6(d) (West 2022). Such sanctions may include: (1) an admonishment from the court, (2) imprisonment in the county jail for no more than 30 days, or (3) modification of pretrial release conditions. *Id.* § 110-6(f).

¶ 16　　　　Here, defendant was released on GPS monitoring and then violated this condition by removing his GPS monitoring device. He was not charged with a subsequent felony or Class A misdemeanor so the State could not move to revoke his release. Instead, the State filed a second petition to deny pretrial release under section 110-6.1(d)(2) of the Code, which states, "If the State seeks to file a second or subsequent petition under this Section, the State shall be required to present a verified application setting forth in detail any new facts not known or obtainable at the time of the filing of the previous petition." *Id.* § 110-6.1(d)(2). The question before us is thus whether the State may file a second petition to deny pretrial release where a defendant violates his conditions but is not charged with a subsequent offense such that revocation is proper.

¶ 17　　　　This issue was recently considered by the Fifth District in *Farris*, 2024 IL App (5th) 240745. Using principles of statutory construction, the court in *Farris* found that section 110-6.1(d)(2) of the Code was ambiguous

> "since it is susceptible to being understood in two different senses—that is,
> whether 'any new facts not known or obtainable at the time of the filing of the
> previous petition' limits 'new facts' to facts that existed at the time of the initial
> hearing or encompasses facts that arise after the initial hearing." *Id.* ¶ 35.

Having found it ambiguous, the court considered the provision in light of other relevant portions of the statute. *Id.* ¶ 36. The court stated,

"Each of the *** provisions set forth specific conditions in which a circuit court may deny pretrial release, revoke pretrial release, or impose sanctions for violations of pretrial release. Viewing section 110-6.1(d)(2) in light of [these] provisions, we do not believe that it was the legislature's intent to provide a means by which the State may bypass the requirements of these sections by filing a subsequent petition to deny pretrial release." *Id.* ¶ 42.

Further, the court noted,

"Section 110-6(a) provides the specific requirement for revocation of pretrial release—that is, the commission of felony or Class A misdemeanor when the defendant had previously been granted pretrial release for a felony or Class A misdemeanor. This requirement for revocation would become superfluous if the State could simply file a subsequent petition to deny pretrial release based on any 'new facts,' even if those facts do not give rise to the requirements for revocation of pretrial release. If the legislature had intended that a subsequent petition to deny pretrial release could be based on any violation of the conditions of pretrial release, it could have simply stated that within the statutory scheme. Instead, the legislature set out specific requirements for the revocation of pretrial release and for the imposition of sanctions." *Id.* ¶ 43.

¶ 18    We agree with the reasoning set forth in *Farris* and adopt it here. The legislature set forth specific guidelines when a defendant is released on conditions and subsequently violates them, which includes revocation of release if a subsequent charge for a felony or Class A misdemeanor or sanctions if not. This is even more clear where a potential sanction is no more than 30 days in jail. While the State may file a second or subsequent petition when new facts come to light, such

6

facts must relate to the underlying offense. It was improper for the State to file a second petition in this case. Therefore, we reverse the court's order granting the State's second petition to deny pretrial release, "and remand with directions that the circuit court release the defendant from pretrial detention, with or without modification of his conditions of pretrial release as the circuit court may deem appropriate and as provided for in section 110-5." *Id.* ¶ 50.

¶ 19                                                III. CONCLUSION

¶ 20          The judgment of the circuit court of Du Page County is reversed and remanded.

¶ 21          Reversed and remanded.