**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 250158-U

Order filed June 24, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Bureau County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0158 Circuit No. 24-CF-54 |
| LONNY K. FARMER, | ) ) ) | Honorable Geno J. Caffarini, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE BRENNAN delivered the judgment of the court.
Justices Davenport and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  (1) The State's petition to revoke pretrial release was improper as it failed to allege any grounds permitted by statute. (2) The court erred in granting the State's petition to revoke pretrial release and otherwise construing it as a petition to detain where it was untimely and did not meet the requirements for a petition to detain. (3) The court erred by *sua sponte* revoking defendant's pretrial release when defendant was charged with a Class A misdemeanor because it failed to hold a proper hearing.

¶ 2     Defendant, Lonny K. Farmer, appeals from his pretrial detention, arguing the State lacked a statutory basis to file a petition to revoke his pretrial detention, the Bureau County circuit court

erred when it treated the petition to revoke as a petition to detain as it was filed beyond the 21-day requirement, and the court failed to hold a proper hearing. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4        On October 16, 2024, the State charged defendant with aggravated driving while under the influence of alcohol (625 ILCS 5/11-501(a)(2), (d)(2)(E) (West 2024)) and driving while license revoked (*id.* § 6-303(a), (d-3)). The court's order for pretrial release required defendant, among other things, report to pretrial services and comply with recommendations, not leave the state without permission of the court, comply with alcohol monitoring, and refrain from alcohol and drug use. On January 9, 2025, defendant failed to appear, and the court issued a warrant. Defendant was located in Wyoming and was returned on February 4, 2025.

¶ 5        On February 5, 2025, the State filed a petition for sanctions and/or revocation of pretrial release pursuant to section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2024)). The State alleged defendant violated the terms of his pretrial release by failing to report to pretrial services and comply with its requirements, leaving the state without the court's permission, and failing to comply with alcohol monitoring.

¶ 6        A hearing was held on February 6, 2025. The State argued defendant had proven himself to be a flight risk as he was arrested in Wyoming and he failed to comply with the conditions of his release. The State asked the court to revoke defendant's pretrial release or order defendant to serve 30 days in jail as a sanction for his failure to appear. Defense counsel argued defendant was unaware of his pretrial release conditions and he would now comply. The court stated it was granting the State's petition to revoke pretrial release because defendant failed to comply with the conditions of his pretrial release and was a flight risk. Following a discussion off the record, the court stated pretrial release was denied and made the following findings: (1) defendant violated

2

the conditions of his pretrial release, (2) there was clear and convincing evidence that defendant violated his pretrial release, (3) defendant posed a real and present threat of willful flight because he was extradited from Wyoming and left the state without consent of the court, (4) defendant failed to appear for a scheduled court date, and (5) defendant failed to abide by the terms of his alcohol monitoring device. A written order for detention followed, providing a hearing was held within 48 hours after the filing of charges and defendant was held under the willful flight standard.

¶ 7 On March 17, 2025, the court held a pretrial hearing. The court noted defendant had a new charge for criminal trespass to a motor vehicle in case No. 25-CM-17 and appointed counsel. As to continued detention, defense counsel argued the State's petition to revoke was improper because it was not based on defendant having committed a misdemeanor or felony while on pretrial release, as required by the statute. Further, if the petition to revoke was to be construed as a petition to detain, it was not brought within 21 days of defendant's arrest and release, also required by the statute. The court disagreed that it could not revoke based on defendant's failure to comply with pretrial release conditions and also disagreed with the 21-day requirement, stating:

> "I don't read [the statute] that way so I read that is one aspect of it, but I don't see it that way, and it just doesn't make any logical sense that someone who's on a Class X felony which is a detainable offense and has been previously released on pretrial—or has been given pretrial release and has failed to comply with the conditions of the pretrial release, to say the State can't detain him or that the Court can't detain him is just illogical and so that's gonna be denied."

¶ 8 On March 18, 2025, defendant filed a motion for relief. Defendant argued a petition to revoke pretrial release must be based on defendant committing a Class A misdemeanor or felony while on pretrial release and no such allegations were in the petition. Further, defendant argued,

3

the court erred when it treated the State's petition to revoke as a petition to detain because such petitions must be filed within 21 days of defendant's arrest and release where months had passed here between the filing of charges and the State's filing. Last, while the court could sanction defendant up to 30 days in jail, defendant had now served 40 days in custody.

¶ 9 A hearing was held on March 24, 2025. The State argued the spirit of the statute contemplates future petitions to detain being filed when new information arises, such as here. Defendant maintained his position. The court stated, "the legislative intent wouldn't be that the State can't file a petition to detain and deny pretrial release at any time during the case." The court went on to say the situation may nonetheless be moot now that defendant has been charged with criminal trespass to a motor vehicle, a Class A misdemeanor, on February 24, 2025, which allegedly occurred on November 28, 2024, while defendant was on pretrial release. Further, the court stated defendant was not prejudiced by construing the State's petition to revoke as a petition to detain because he was put on notice by the facts contained in the petition, which demonstrated he was a flight risk. Thus, the court denied the motion for relief. This appeal followed.

¶ 10                                   II. ANALYSIS

¶ 11 On appeal, defendant argues the court erred in revoking his pretrial release based upon his violation of conditions of pretrial release or by implicitly granting a petition to deny pretrial release based upon the same. Further, if the court's actions are to be construed as *sua sponte* revoking pretrial release based on the new Class A misdemeanor, the court failed to hold a proper hearing. The State agrees the court did not have authority to revoke defendant's pretrial release based on the grounds in the petition to revoke and that it was erroneous to construe it as a petition to detain due to untimeliness. However, the State argues the court nonetheless had authority to revoke defendant's pretrial release on its own motion and it correctly did so.

4

¶ 12      Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2024). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). Where no live witness testimony was presented at the hearing, we review the court's decision *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 13                          A. The State's Petition to Sanction/Revoke Pretrial Release

¶ 14      Where a defendant has been released on conditions, the court can revoke the defendant's pretrial release only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during his release, after a hearing on the motion. 725 ILCS 5/110-6(a) (West 2024); *People v. Roschell*, 2024 IL App (2d) 240563-U, ¶ 21. If a defendant violates his conditions of pretrial release but is not charged with a subsequent felony or Class A misdemeanor during release, sanctions may be imposed for such violation(s). 725 ILCS 5/110-6(d) (West 2024). Sanctions may include: (1) an admonishment from the court, (2) imprisonment in the county jail for no more than 30 days, or (3) modification of pretrial release conditions. *Id.* § 110-6(f).

¶ 15      Here, the State's petition requested sanctions and/or revocation of pretrial release for defendant's violation of his pretrial conditions. The court stated it revoked defendant's pretrial release for these violations and because defendant was a flight risk. This was clear error. The only basis allowed by statute for a petition to revoke pretrial release is if the defendant is charged with a Class A misdemeanor or felony that occurred on pretrial release. As of February 5, 2025, the

5

date of the State's petition, and February 6, 2025, the date of the hearing, defendant had not been charged with any such offense. Thus, only sanctions were appropriate at that time. See *id.*

¶ 16                              B. Construing the State's Filing as a Petition to Detain

¶ 17          Further, the court erred when it construed the State's petition as a petition to detain. An initial petition to detain may be filed at the first appearance before a judge without notice to defendant or within 21 days after arrest and release with reasonable notice to defendant. *Id.* § 110-6.1(c)(1). The State did not file a petition within this time period. We note that while the Code allows the State to file a petition when new facts come to light (*id.* § 110-6.1(d)(2)), those facts *must* relate to the underlying offense, not to defendant's failure to comply with conditions. See *People v. Johnson*, 2025 IL App (3d) 240598-U, ¶ 18. In this case, it is without question that the State's first and only petition (1) was not filed at the first appearance or within 21 days after arrest and release and (2) did not allege new and not known or unobtainable facts relating to the underlying offense. Moreover, the petition filed by the State did not allege the three propositions the State is required to prove in an initial petition. Therefore, the court erred when it construed the State's petition to sanction/revoke pretrial release as a petition to detain.

¶ 18                              C. Revocation Proceedings on the Court's Own Motion

¶ 19          Last, at the hearing on defendant's motion for relief, the court found the issues defendant raised were moot and the revocation of his pretrial release was permitted as the State had since charged him with a Class A misdemeanor alleged to have occurred while he was on pretrial release.

¶ 20          A defendant's pretrial release may be revoked if he "is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release." 725 ILCS 5/110-6(a) (West 2024). A proceeding to revoke pretrial release may be initiated by the court's own motion or upon the State's verified petition. *Id.* In these instances, the court must hold a

6

hearing where the defendant is represented by counsel and has an opportunity to be heard as to the violation and evidence in mitigation. *Id.* The State must prove (1) the defendant was charged with a felony or Class A misdemeanor and (2) by clear and convincing evidence that "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 21 Here, the court mentioned in passing that defendant's detention, even if erroneous, was now proper because defendant had since been charged with a Class A misdemeanor and qualified for the revocation of pretrial release even under defendant's own argument. The State suggests this statement by the court constituted a *sua sponte* initiation of revocation proceedings and its decision to revoke was supported by the evidence the State presented during previous hearings. While the court may initiate revocation proceedings on its own motion, it must comply with the statutory requirements for the hearing. Specifically, defendant was neither given an opportunity to be heard as to the violation nor the opportunity to present evidence in mitigation. See *id.*

¶ 22 Therefore, we reverse the court's order revoking defendant's pretrial release and remand with directions for the court to release defendant from pretrial detention. We note that the State, or the court on its own motion, may initiate proceedings to revoke defendant's pretrial release due to defendant being charged with committing a Class A misdemeanor while on pretrial release, however, the court must hold a proper hearing. See *id.*

¶ 23                                  III. CONCLUSION

¶ 24 The judgment of the circuit court of Bureau County is reversed and remanded.

¶ 25 Reversed and remanded.